This is a writ of error to the supreme court, and is brought to review a judgment of that court affirming a judgment of the court of oyer and terminer for the county of Orleans.
The error book contains what purports to be the record of the judgment of the supreme court. It contains a copy of the indictment and the defendant's plea of not guilty, and the bill of exceptions taken on the trial to sundry rulings of the oyer and terminer. From the bill of exceptions it appears that the jury found the prisoner guilty. It does not appear that the court of oyer and terminer ever gave judgment upon that verdict. And yet the supreme court affirmed the judgment of the oyer and terminer.
This judgment was erroneous and must be reversed. The *Page 464 
court had no jurisdiction of the matter until after the oyer and terminer had pronounced judgment, unless the giving of judgment had been stayed by a certificate of a judge of the supreme court, that there was probable cause, in pursuance of 2 Revised Statutes, 736, §§ 22-27. In cases where judgment is stayed by a certificate, the statute requires the district attorney to remove the indictment and bill of exceptions by certiorari from the oyer and terminer into the supreme court, and the clerk is required to return thereto a transcript of the indictment, bill of exceptions and the certificate staying judgment. (2 R.S.,
736, § 27.) In this case there is no certiorari or certificate in the record. But there is a writ of error which asserts that the defendant was convicted by a jury upon the trial in the court of oyer and terminer of Orleans county for felony, in obtaining property by false pretences, and that sentence of the court had been passed upon him. But it no where appears what that sentence was.
There is no assignment and joinder in error in this court, as there should have been. We take jurisdiction of this case under the judiciary act of 1847, which adopts, as far as applicable, the practice of the former court of errors on writs of error to the late supreme court. (Laws of 1847, 321, § 8; 2 R.S., 740, §§ 15, 16.)
Neither of the counsel has adverted to the ground now taken; and it is not improbable that there has been a mistake in making up the record or in certifying the return.
We can decline giving judgment and strike the cause from the calendar as being prematurely submitted, there being no issue in error on the record. That will leave the writ of error pending and either party can allege discrimination, pray a certiorari
and procure a return whether there is a judgment in the oyer and terminer or not.
All the judges concurring,
Cause stricken from the calendar. *Page 465