THE PEOPLE OF THE STATE OF NEW YORK, Plaintiffs in Error, v. JOSEPH BORK, Defendant in Error.

Defendant in error was indicted for embezzlement, was tried and convicted; sentence was suspended, a case with exceptions settled, and motion thereon for a new trial denied. The proceedings were removed into the Supreme Court by *certiorari.* The General Term, after a hearing, made an order that "the conviction be reversed, and the proceedings remitted to the Oyer and Terminer." Upon motion of the district attorney, the order was modified by striking out all after the word "reversed," and inserting "the defendant discharged." The case was brought into this court by writ of error. On motion to dismiss the writ, *held,* that as there was no judgment in the Oyer and Terminer or of the General Term, the writ did not lie at common law, and was not given by statute; motion therefore granted.

The act in relation to writs of error on behalf of the people (chap. 82, Laws of 1852, amended by chap. 176, Laws of 1879), allowing such writ to review a judgment of the Supreme Court in favor of a defendant charged with a criminal offence, or any order or decision quashing an indictment, does not apply.

The privilege conferred upon the people by said act is not enlarged by the provision of the act of 1879 (chap. 449, Laws of 1879), declaring that "a conviction for a criminal offence shall be deemed a final judgment when sentence shall be suspended by the court in which trial was had, or otherwise suspended or stayed, and such conviction shall have been affirmed * * * by a General Term of the Supreme Court," and entitling the defendant to review the order or judgment of affirmance by writ of error, "notwithstanding sentence has not been passed." These provisions relate solely to the defendant.

*The People* v. *Bennett* (49 N. Y., 137), distinguished.

(Argued September 24, 1879; decided October 7, 1879.)

Motion to dismiss a writ of error. (Reported below, 16 Hun, 476.)

The material facts are stated in the opinion.

*James M. Humphrey* and *Robert C. Titus*, for plaintiff in error. The decision of the court on the motion in arrest of judgment is not a part of the record or subject to review in this court. (2 R. S., 736, § 26; *People* v. *Allen*, 43 N. Y., 31; *People* v. *Thompson*, 41 id., 4; *Keefe* v. *People*, 40 id., 348.)

*Wm. H. Gurney*, for defendant in error. Motion in arrest of judgment can be made any time before sentence, and any defect in the indictment not cured by the verdict can be examined on such motion. (1 Colby Cr. L., 386; 1 Arch. C. P. & P., 671 and notes; *State* v. *Grove*, 34 N. H., 510; *Rice* v. *State*, 3 Kansas, 141; Wharton C. L., § 3200; 2 id., § 1941.) A writ of error in a criminal case only lies in cases where there is a final judgment unless a different rule has been created by statute. (Bouvier's Law Dictionary, 681; *People* v. *Tarbox*, 30 How., 318; *People* v. *Merrill*, 14 N. Y., 74; *Bogert* v. *People*, 6 Hun, 292; *Peek* v. *McLeod*, 21 Wend., 667; *People* v. *Strain*, 23 id.,

634; *Metcalf's Case*, 11 Coke, 38; *People* v. *Nestle*, 19 N. Y., 583; *People* v. *Barry*, 4 Parker C. R., 657; *People* v. *Corning*, 2 N. Y., 9.) The writ of error in this proceeding will not lie under this statute. (*Pratt* v. *People*, 67 N. Y., 606; *People* v. *Nestle*, 19 N. Y., 583.) A *nolle proseque* can be entered in this State at any stage of the proceeding with the consent of the court that then has jurisdiction of the case. (*People* v. *McLeod*, 1 Hill, 377; 1 Arch. C. P. & P. 835; *Com.* v. *Stedman*, 12 Met. 444; *Con.* v. *Briggs*, 7 Pick., 179; *State* v. *Burk*, 38 Maine, 574; *Com.* v. *Tuck*, 20 Pick., 456; *State* v. *Roe*, 42 Vt., 75; *State* v. *Smith*, 49 N. H., 155.)

DANFORTH, J. At a Court of Sessions held in Erie county January, 1876, the defendant was indicted for embezzlement. He pleaded not guilty, and the indictment was sent to the Oyer and Terminer, where he was tried and convicted. A case with exceptions was settled, and motion thereon for a new trial denied. A motion was also made to quash the indictment; it was entertained by the court, but denied. Sentence was suspended, and there was no judgment in the Oyer and Terminer. On the 5th of December, 1877, a writ of certiorari was duly issued and allowed, and the proceedings removed into the Supreme Court. After hearing both parties the General Term made an order on the 24th of January, 1879, that "the conviction be reversed and the proceedings remitted to the Oyer and Terminer." At a subsequent General Term held April 26, 1879, upon motion of the district attorney, the above order was modified by striking out the words "proceedings remitted to the Erie Oyer and Terminer," and inserting "the defendant discharged." The case is brought into this court by a writ of error sued out by the district attorney of Erie county.

At common law, a writ of error lies, only to review a final judgment. (*Hartung* v. *The People*, 26 N. Y., 154.) Nor then in behalf of the People. (*People* v. *Corning*, 2 N. Y., 9; *People* v. *Merrill*, 14 id., 74.) Unless therefore it is

given by statute the defendant's motion to dismiss the writ in this case must prevail. The act of 1852 (chapter 82, Session Laws of 1852) allows such writ from the Supreme Court, in behalf of the People after judgment has been rendered in favor of the defendant upon any indictment except where he was acquitted by a jury, and gives to this court power to review by writ of error in behalf of the People any such judgment rendered in the Supreme Court in favor of any defendant charged with a criminal offence. By chapter 176, Laws of 1879, this statute was enlarged so as to embrace any decision or order quashing an indictment. We are referred to no other statute authorizing the district attorney to bring a writ of error in behalf of the People, and it is obvious that these have no application to the case in hand. The record shows that there has been no judgment rendered in the Oyer and Terminer, nor was the indictment quashed. There was however at the same session (Laws of 1879, chap. 449) an act passed amending the provisions of the Revised Statutes (art. 2, title 6, part 4, chap. 11) "relating to writs of error, and certiorari in criminal cases," which may well be considered in this connection, and confirms the above conclusion. Section 14 of those statutes provided for writs of error, to review judgments rendered upon any indictment for a capital offence, and section 15, declared that in all other cases writs of error upon any final judgment rendered upon any indictment "are writs of right." By the amendment of 1879, *supra*, it is declared that in all cases then pending, or thereafter to be brought "a conviction for a criminal offence shall be deemed a final judgment, when sentence shall have been suspended by the court in which the trial was had, or otherwise suspended or stayed, and such conviction shall have been affirmed in due course of law by a General Term of the Supreme Court, and the defendant shall be entitled to review such order or judgment of affirmance of such General Term by writ of error, * * * notwithstanding sentence has not been passed."

These provisions of chapter 449, Laws of 1879 (*supra*,) do not enlarge the privilege conferred upon the People by chapter 176 of the Laws of that year. They relate solely to the defendant, and permit him to review in this court an order of the General Term, affirming a conviction, although sentence had not been pronounced. This he could not have done before the passage of the act referred to. No provision is made for a review by the People, of a decision of the Supreme Court reversing such conviction.

There was in the Oyer and Terminer a conviction, but sentence was suspended. There was therefore in that court no judgment, because the sentence is the judgment (*Manke* v. *People*, 74 N. Y., 424), and that was lacking. The General Term pronounced no judgment. They first reversed the conviction had in the Oyer and Terminer, remitted the proceedings to that court, and afterwards on the application of the district attorney, modified the order by directing "the defendant to be discharged." Without considering the effect of such an order made on the application of the district attorney, or whether by it he is precluded from going further in the prosecution, it is clear that the case is not within the statutes above referred to.

In *The People* v. *Bennett* (49 N. Y., 137), there was not only conviction, but judgment in the Oyer and Terminer. The prisoner had been sentenced. There was thereupon a final judgment brought into the Supreme Court by the defendant, by writ of error, the judgment of reversal was deemed final, and the case within the act of 1852. The case before us is different. As there was no judgment in the Oyer and Terminer so there was no writ of error to that court, nor could there have been one, for before judgment or sentence it would not lie. (*Hill* v. *People*, 10 N. Y., 463.) The proceedings were therefore taken to the Supreme Court by *certiorari*, sued out by the district attorney, and the indictment and bill of exceptions removed from the Oyer and Terminer to the Supreme Court. (2 R. S., 736, § 27.) It then became the duty of the court to pass upon the excep-

tions (p. 741, § 25), and if it decided against them, might render judgment and pronounce sentence against the defendant, or remit the proceedings to the court in which the trial shall have been had, and by section twenty-six, if a new trial is ordered, it shall be had in the court in which the indictment was first tried, and such in substance was the order originally made by the Supreme Court. By the terms of the statute (§ 24, p. 741), it is only where a judgment is before the Supreme Court, and is reversed, that it shall either direct a new trial, or that the defendant be absolutely discharged. It does not apply to the case before the court, for there was no judgment before it, nor did the order profess to reverse any.

The writ of error should be dismissed.

All concur.