## PEOPLE v. SHAFFER.

(Supreme Court, Appellate Division, Third Department.   May 3, 1916.)

ASSAULT AND BATTERY ☞100—EXCESSIVE PUNISHMENT.

    A sentence of six months in the penitentiary for assault, clearly provoked by the complaining witness and injuring no one, *held* excessive.

    [Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. §§ 164–170;  Dec. Dig. ☞100.]

Appeal from Broome County Court.

George Shaffer was convicted in a Justice Court of assault.   From a judgment of affirmance in the County Court, he appeals.   Reversed, and new trial granted.

Argued before KELLOGG, P. J., and HOWARD, WOODWARD, and COCHRANE, JJ.

Robert S. Parsons, of Binghamton, for appellant.

Urbane C. Lyons, Dist. Atty., of Binghamton (Charles H. Burnett, of Binghamton, on the brief), for the People.

WOODWARD, J.   The defendant in this action has been convicted of a charge of assault in the third degree and sentenced to a term of six months in the penitentiary.   The complaining witness appears to have assumed to interfere in the relations between the defendant and the family of one Lou Le Grand, and to have invited a quarrel, in which it is alleged that the defendant threatened to do violence to the complaining witness if he did not desist from such interference.   No one was injured in the alleged assault, which was clearly provoked by the complaining witness, and the sentence of the Justice's Court, affirmed without opinion in the County Court of Broome county, seems to us to be, as pointed out by Mr. Justice McCann, in granting a certificate of reasonable doubt, not only unsupported by sufficient evidence, but excessive.   The case is unattractive in details, and in view of the discussion of a kindred question in People v. Miles, 158 N. Y. Supp. 819, decided at this term, it does not appear important to enter into the question farther.   The sentence is excessive, it bears no just relation to the facts proved, the verdict was against the weight of evidence, and the judgment of the County Court and of the Justice's Court should be reversed, and a new trial granted.   All concur; COCHRANE, J., in the result, in an opinion. Order to be settled before WOODWARD, J.

COCHRANE, J. (concurring in result).   If the sentence was excessive, it should have been modified by the County Court (Code Cr. Proc. § 764; People v. McIntosh, 5 N. Y. Cr. R. 38; People v. Starks, 1 N. Y. Supp. 721[1]), and I see no reason why this court may not now make the modification of the sentence which should have been made by the County Court without granting a new trial, if the verdict of the jury

    [1] Reported in full in New York Supplement; reported as a memorandum decision without opinion in 49 Hun, 606.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

was properly reached. But the crime alleged in the information before the justice of the peace is not sustained by the evidence, and for that reason I concur in the reversal of the judgment.