PEOPLE v. MILES.

(Supreme Court, Appellate Division, Third Department. May 3, 1916.)

1. WEAPONS ⊗⇒17(4)—CARRYING WITHOUT LICENSE—WEIGHT OF EVIDENCE.

A conviction of carrying a revolver without a license is against the weight of evidence; a license of proper date, signed by the acting city judge, being produced, and he testifying to issuing it at the time indicated, and there being opposed only the testimony of one claiming to be a chemical engineer, and who did not qualify as a handwriting expert, that in his opinion, based on comparison with other writing of the judge on that day, that it was not issued on the day of its date.

[Ed. Note.—For other cases, see Weapons, Cent. Dig. § 29; Dec. Dig. ⊗⇒17(4).]

2. CRIMINAL LAW ⊗⇒1186(1)—APPEAL—REVERSAL—EXCESSIVE SENTENCE.

Under the authority given the Appellate Division by Code Cr. Proc. § 527, to order a new trial, if satisfied that justice requires it, it may reverse for excessive sentence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3215–3217, 3219; Dec. Dig. ⊗⇒1186(1).]

3. WEAPONS ⊗⇒17(8)—CARRYING WITHOUT LICENSE—EXCESSIVE PUNISHMENT.

A sentence for from a year to a year and four months for carrying a revolver without a license, from which no injury resulted to any one, whereas, under Penal Law (Consol. Laws, c. 40) §§ 1897, 1931, 1935, the punishment to be meted out might range from a suspended sentence to seven years' imprisonment, was excessive, and an abuse of discretion.

[Ed. Note.—For other cases, see Weapons, Cent. Dig. § 33; Dec. Dig. ⊗⇒17(8).]

Appeal from Otsego County Court.

James I. Miles was convicted of carrying a dangerous weapon, and appeals. Reversed, and new trial granted.

⊗⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Argued before KELLOGG, P. J., and LYON, HOWARD, WOOD-·WARD, and COCHRANE, JJ.

George L. Bockes, of Oneonta (John H. Dugan, of Albany, of coun-.sel), for appellant.

Orange L. Van Horne, Dist. Atty., of Cooperstown, for the People.

WOODWARD, J. The defendant was charged by the indictment ·with the crime of carrying a dangerous weapon; the specifications .being that on or about the 20th day of October, 1915, at the city of ·Oneonta, in the county of Otsego and state of New York, the said _James I. Miles, then and there being a person over 16 years, did willfully, wrongfully, unlawfully, and feloniously have, possess, and carry concealed upon his person, in said city of Oneonta, Otsego county, aforesaid, a certain firearm, commonly called a revolver, without a written license therefor issued to him and licensing such possession and concealment of the said revolver by the said James I. Miles, as pre-·scribed by the laws of the state of New York, against the form of the statute in such cases made and ·provided, and against the peace of the people of the state of New York and their dignity. Upon the trial ·of the indictment, the defendant having put in a plea of not guilty, the jury brought in a verdict of ·conviction, whereupon the defendant ·was sentenced to Auburn prison for a term 'not exceeding one year and four months, and not less than one year. From the judgment entered the defendant appeals to this court.

[1] The evidence indicates that on the 21st day of October the defendant was arrested in the city of Oneonta on a charge of some kind, and that upon being so taken into custody a revolver, fully load-·ed, was found upon his person. So far as appears from the record the defendant was not convicted upon the charge for which he was ar-·rested; but he was indicted for having a dangerous weapon upon his person, and upon the trial the policeman who arrested him, and another officer, as well as the local magistrate and another witness, testified that the defendant stated that he did not have the license required by law at the time the revolver was found upon his person; but the defendant testified that he intended by this simply to say that he did not have the license in his possession, and he produced and placed in evidence a license granted to him by the acting city judge of the city of Rensselaer, dated April 2, 1915, and which, if valid, would be a com-·plete defense to the indictment. There is no question whatever that City Judge Stevens issued and delivered the license in evidence. He so testified, and there is no evidence to the contrary.

The people called one Williams, who claimed to be a chemical engineer, and this witness was permitted to testify to the effect that he had examined the handwriting upon the license and compared it ·with certain other handwriting of Judge Stevens known to have been written on the same date as the license issued, and to give it as his opinion that the license in evidence was not issued upon the date therein given. He testified that he made no chemical examination of the writing, and his opinion appears to be based upon the theory that the ،characteristics of a man's handwriting vary under different circum-

stances, and because he found variations in the characters used in the license and those of another date he jumps to the conclusion, not very positively expressed, that the license was made at a different date from that appearing upon its face. This witness did not pretend to qualify as a handwriting expert. His alleged qualification was as a chemical engineer, yet his testimony assumed to deal with the question as an expert in handwriting; and this is the only testimony in the case upon which the jury has practically convicted the city judge of Rensselaer of the crime of perjury, for he testified that the license was issued to the defendant on the 2d day of April, 1915, and if this was true then the defendant in this case was not guilty of the crime charged in the indictment.

The license is entirely regular upon its face. It bears date of April 2, 1915, and unless we are willing to hold, with the jury, that the acting city judge of Rensselaer has testified falsely, this judgment cannot be permitted to stand. The law presumes public officers to have done their duty. No question is made that Judge Stevens issued the license in evidence, and the presumption is that he discharged his duty and issued the license on the day of its date. No motive is shown for him to do otherwise, except the bare testimony of one witness that he had known the defendant from boyhood, and just how the presumption of official integrity is to be overcome by the testimony of a single witness as to his opinion of the time of issuing this license from an examination of the handwriting, without resort to a chemical analysis of the ink, it is difficult to understand, if judgments are to rest upon evidence. We think the verdict of the jury is against the clear weight of evidence, and that the conviction ought not to stand.

[2] Assuming, however, that there might be a question for the jury, however trivial the evidence, we are convinced from an examination of the record in this case that considerations of justice require that the judgment should be reversed, upon the ground that the sentence of the court is excessive, and not justified by the facts. While the courts in civil actions have long recognized the right of reversing judgments because they were for inadequate or excessive amounts, there appears to have been an impression among the members of the bar that the judgment in a criminal case could not be disturbed on account of an excessive sentence, and this impression has been so far controlling that many an act of injustice has been consummated under the forms of law which should have been righted in the appellate court. Many an unjust sentence has been endured because counsel have failed to invoke the powers of the appellate tribunals to temper individual prejudices with judicial discretion. In People v. Naimark, 154 App. Div. 760, 764, 139 N. Y. Supp. 418, a case arising within the Second department, the court reversed the judgment of conviction on the ground that justice required a new trial, because of the obvious prejudice of the court in administering sentence. Under the provisions of section 527 of the Code of Criminal Procedure the court is authorized on appeal to grant a new trial if it be satisfied that the verdict against the prisoner is against the weight of evidence or against law, or that justice requires a new trial, whether any excep-

tion shall have been taken or not in the court below, and this is clearly the equivalent of the provisions of sections 999 and 1317 of the Code of Civil Procedure in so far as it relates to the judgment. In the dissenting opinion of Mr. Justice Burr, in the case cited, it is said:

"Conceding for the sake of the argument that the remarks of the county judge when he imposed sentence were unjudicial in character, and that in determining the extent of the sentence he may have been influenced by passion or a vindictive spirit, that is not a legal error which we can review. The remedy is by appeal to the executive to commute the sentence."

This was the doctrine that was disapproved in the case, and we are persuaded that the power of the court to right a wrong is not thus circumscribed. Notwithstanding the suggestion that the sentence is not a part of the judgment, and may not, therefore, be reviewed as a matter of law, both reason and authority point unmistakably to the contrary doctrine, and warrant this court in reversing a judgment of conviction whenever we are satisfied "that justice requires a new trial," whether the error is found in the rulings on evidence, in the charge of the court, or in the sentence imposed, for these are all governed by law and are essential elements in determining whether the requirements of justice have been met. It was determined in Manke v. People, 74 N. Y. 415, 424 that the sentence given by the court is the judgment of the court, and this was approved in People v. Bork, 78 N. Y. 346, 350, and has never been questioned so far as we are able to discover.

An appeal from a judgment brings up the question whether justice has been done in the particular case, and an excessive sentence, a sentence which is unjust in its relation to the offense for which the prisoner has been convicted, is against law just as much as a verdict of a jury for excessive damages in a civil action is against law. The law, theoretically at least, is founded in justice, and an injustice is against law in a judicial sense, and it is entirely immaterial whether the injustice appears in the sentence or in the proceedings leading up to the sentence. This was the essential doctrine of People v. Naimark, supra, and follows logically from the fact that the sentence is the judgment of the court which is brought on for review, and that we are authorized to reverse where the verdict is against the weight of evidence or against law, or justice requires a new trial.

[3] Section 1897 of the Penal Law (Consol. Laws, c. 40), under which the defendant is charged with crime, makes the carrying of a concealed weapon, without a license, a felony, but does not prescribe the punishment. Section 1931 of the Penal Law provides that:

"Whenever in this chapter the punishment for a crime is left undetermined between certain limits, the punishment to be inflicted in a particular case must be determined by the court authorized to pass sentence, within such limits as may be prescribed by this chapter."

Section 1935 of the Penal Law provides:

"A person convicted of a crime declared to be a felony, for which no other punishment is specially prescribed by this chapter, or by any other statutory provision in force at the time of the conviction and sentence, is punishable by imprisonment for not more than seven years, or by a fine of not more than one thousand dollars, or by both."

It will thus be seen that the punishment to be meted out to the defendant in the present case might range anywhere from a suspended sentence to seven years' imprisonment, "to be determined by the court authorized to pass sentence." This is not an arbitrary power vested in the judge, but a judicial power resting in the court. The court, subject to the right of review, is to determine how much of the possible punishment is to be imposed, and this determination finds expression in the sentence, and, as we have seen, becomes the judgment of the court. This power, while primarily residing in the "court authorized to pass sentence," is ultimately vested in the Supreme Court, which is given the authority to review the judgment, and it would be absurd to suggest that, with the powers vested in this court to pass upon the weight of evidence, the lawfulness of the judgment and the question of whether justice requires a new trial, this determination of the court passing sentence could not be reversed, no matter how unjust the judgment. The Supreme Court consists, not of one justice, but of many; the discretion vested in the court to pass upon the judgments of County Courts which are permitted to try many of the crimes named as felonies is the discretion of the court as a whole, and any determination of a trial judge or justice which is unjust in its relation to the crime of which the defendant stands convicted is within the power of the Supreme Court to correct.

We may call attention to the fact that at the time the crime set out in the indictment was alleged to have been committed it was a misdemeanor, under section 1897 of the Penal Law, and so the court was without power to sentence the defendant for more than one year. This may have been overlooked by the trial court, as the amendment making it a misdemeanor went into effect September 1, 1915, while the act complained of was alleged to have been committed in October following.

The defendant in this action having been convicted without sufficient evidence of a crime, and no injury having resulted to any one, it was an abuse of the discretion of the court to determine the punishment of the defendant at one year and four months, and not less than one year. The punishment was all out of proportion to the magnitude of the alleged offense, so far as appears from the evidence in this case, and seems to have been the result of a determination to punish the defendant for some unknown offense, which he was supposed to have committed, or attempted to commit, but of which he was not convicted.

The judgment appealed from should be reversed, and a new trial granted. All concur (COCHRANE, J., in result, on the ground of improper questions by the district attorney), except HOWARD, J., not voting.