## SUPREME COURT — SPECIAL TERM — NEW YORK.

### June, 1920.

### THE PEOPLE v. DOROTHY BYRNE.

#### (112 Misc. 377.)

CERTIFICATE OF REASONABLE DOUBT—WHEN APPLICATION FOR, GRANTED—
NEW TRIAL—CRIMINAL LAW—PENAL LAW, § 1897.

   While defendant was examining a shining object which she had picked
from the gutter, a stranger who saw her pick it up recognized it as a
gun and while attempting to take it from her a police officer arrested
them both.   On the hearing before the magistrate the stranger was
discharged and the defendant held for trial on a charge of a violation
of section 1897 of the Penal Law.   At the trial her request to have the
stranger called as a witness in her behalf was denied and she was upon
conviction sentenced to the Bedford Reformatory, where she may be
confined for three years.   *Held*, that a motion for a new trial having
been denied by a divided court, her application for a certificate of
reasonable doubt will be granted.

MOTION for a certificate of reasonable doubt.

*Harry E. Lewis, District Attorney,* for People.

*Belfer & Belfer (Julius S. Belfer, of counsel),* for defendant.

FAWCETT, J.:

   This is a motion for a certificate of reasonable doubt, in
connection with the defendant's appeal from a conviction of a
violation of section 1897 of the Penal Law, after a trial in the
Court of Special Sessions.

   The record herein shows that the only witness for the People
was the arresting officer.   His testimony is substantially as
follows: That on March 10, 1920, about 9:30 P. M., at Bergen
street near Hoyt street, Brooklyn, N. Y., he saw a man, James

Francis Phillips, trying to pull a gun out of the defendant's hand. He questioned them. They said that she picked up the gun and that he was trying to take it away from her. He placed both of them under arrest. He testified to nothing else of importance.

The defendant was the only witness called in her behalf. Although she requested to have the stranger James Francis Phillips called in her behalf, that privilege was denied her. She had no other witnesses because her case was intended to be adjourned by her counsel, who failed to appear, as he was engaged elsewhere. Her testimony is substantially as follows: While waiting for a Bergen street car her attention was suddenly attracted to a shining object in the gutter. She picked it up and examined it, when a stranger, who saw her pick it up, and who recognized it to be a gun, attempted to pull it away from her, when an officer came along and arrested the two of them. The man was discharged on the hearing before the magistrate and this defendant was held for trial in the Court of Special Sessions. The court sentenced defendant to the Bedford Reformatory, where she may be confined for three years.

Subsequently a motion for a new trial in the interest of justice was made before the court, composed of the three judges who tried defendant, and Mr. Justice Salmon, dissenting from the majority, decided in favor of a new trial.

This case seems to come under the rule of People v. Miles (173 App. Div. 179, 34 N. Y. Crim. 555). In this case the defendant was tried for the violation of section 1897 of the Penal Law, the same as in the case at bar. The sentence of the court in that case was one year and four months. In the case at bar the sentence amounts to three years. The defendant in the instant case, never having been previously convicted, nor shown to have possessed the revolver under any other circumstances than as testified to herein, the sentence seems unjust. The reasoning of the court in the case of People v. Miles

(supra) is peculiarly applicable herein.    The court said: "While the courts in civil actions have long recognized the right of reversing judgments because they were for inadequate or excessive amounts, there appears to have been an impression among the members of the bar that the judgment in a criminal case could not be disturbed on account of an excessive sentence, and this impression has been so far controlling that many an act of injustice has been consummated under the forms of law which should have been righted in the appellate court; many an unjust sentence has been endured because counsel have failed to invoke the powers of the appellate tribunals to temper individual prejudices with judicial discretion. * * * Under the provisions of section 527 of the Code of Criminal Procedure the court is authorized on appeal to grant a new trial if it be satisfied that the verdict against the prisoner is against the weight of evidence or against law, or that justice requires a new trial, whether any exception shall have been taken or not in the court below, and this is clearly the equivalent of the provisions of sections 999 and 1317 of the Code of Civil Procedure in so far as it relates to the judgment. * * * An appeal from a judgment brings up the question whether justice has been done in the particular case, and an excessive sentence, a sentence which is unjust in its relation to the offense for which the prisoner has been convicted, is against law just as much as a verdict of a jury for excessive damages in a civil action is against law.    The law, theoretically at least, is founded on justice, and an injustice is against law in a judicial sense, and it is entirely immaterial whether the injustice appears in the sentence or in the proceedings leading up to the sentence."

The sentence of the defendant seems to be so out of proportion to the crime for which she was convicted, and having in mind that the trial court was divided in its decision on the motion for a new trial, I entertain a reasonable doubt as to whether the conviction should stand.

The application for the certificate prayed for is granted and the court will admit her to bail in the sum of $500.

Application granted.