THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LUDWIG
SORECA, Appellant.

Court of Special Sessions of the City of New York, Appellate Part,
First Department, December 19, 1946.

*Vito Marcantonio* and *Hyman Vogelstein* for appellant.

*Frank S. Hogan, District Attorney (Sylvia Jaffin Singer* of counsel), for respondent.

*Per Curiam.* The appeal herein is from a judgment of the Chief City Magistrate rendered October 11, 1946, whereby appellant was sentenced to a term of six months in the workhouse after a plea of guilty to disorderly conduct before a City Magistrate. The claim is made that this sentence was illegal because of lack of jurisdiction in the Chief City Magistrate to impose it.

The other points made by appellant will be developed and considered herein in the recital of the proceedings which took place subsequent to the plea of guilty and up to the time of sentence by the Chief City Magistrate.

The appellant pleaded guilty on September 24, 1946, and on September 25, 1946, was sentenced to pay a fine of $250 and in addition to six months in the workhouse, execution of the six months being suspended during good behavior. Appellant was

given until October 3d to pay the fine, which was never paid, obviously, because of the following developments in the case. Subsequent to the sentence on September 25th, but on the same day, the Magistrate became aware of the fact that the fine of $250 was in excess of the statutory maximum for the offense charged (Penal Law, § 723) and in the presence of appellant's counsel, but in the absence of appellant, set aside the entire sentence. He thereupon ordered an investigation to be made by the Probation Department and adjourned the case for sentence before him on the 11th of October, 1946. The minutes do not state the court in which sentence was to be imposed but the complaint contains a rubber-stamped indorsement signed by the Magistrate which orders an investigation and report by the Probation Officer to the Probation Court in Manhattan, the Magistrate presiding in that court on that day being requested to impose sentence. However, the words " the Magistrate presiding " appearing in the stamped indorsement were stricken out by the Magistrate and in place thereof the words " before me " were inserted. This action by the Magistrate clearly indicates that he desired to keep the case before him for resentence. It was never rescinded or revoked at any stage of the proceedings.

Appellant contends that the Magistrate, having already sentenced the appellant, was without power to cancel that portion of the sentence which provided for a six months' term with execution thereof suspended and that only the invalid portion of the sentence, that is the fine, could legally be annulled and changed. We disagree with this contention.

In all probability it was the design of the Magistrate that the prison sentence be suspended on condition that appellant pay a fine of $250. The payment of a fine in that amount undoubtedly was one of the considerations which caused the Magistrate to suspend execution of the prison sentence.

A prison sentence imposed with execution thereof suspended in the situation herein presented is in legal contemplation not a judgment. (*People* v. *Markham,* 114 App. Div. 387; *People* v. *Bork,* 78 N. Y. 346, 350; *People* v. *Fabian,* 192 N. Y. 443.) Suspension of a judgment is the exercise of a discretionary power of the court lasting during good behavior. It is a favor which can be withdrawn at any time. Where execution of a prison sentence is suspended during good behavior the court does not lose control of the judgment. (*People ex rel. Forsyth* v. *Court of Sessions,* 141 N. Y. 288, 295–296; *People ex rel. Pasco* v. *Trombly,* 173 App. Div. 497; N. Y. City Crim. Cts. Act, § 125; L. 1910, ch. 659; Code Crim. Pro., § 470-a.)

The cases cited by the appellant for sustaining the proposition that the valid portion of the sentence should be upheld and only the invalid portion thereof voided do not present the situation with which we are dealing and are not in point. Those cases properly hold that where there is an illegal fine and a valid prison sentence, the prison sentence may nevertheless be enforced. In the instant case the appellant was not actually imprisoned. Incarceration was withheld as a matter of judicial discretion. In that situation the court was at liberty to revoke the suspension of execution of the sentence.

Appellant also complains of the fact that the original sentence was cancelled in the absence of the appellant, although in the presence of his attorney. While this procedure might be of questionable regularity, in view of our disposition of this appeal we do not think it necessary to pursue this point any further.

Of more serious import is the contention of the appellant that the sentence imposed by the Chief City Magistrate in the Probation Court was illegal and void. On that occasion the Magistrate who took the plea of guilt was also present in the Probation Court. In the presence of both the Chief City Magistrate and the Magistrate, counsel for the appellant requested the Chief City Magistrate to refer the sentence to the Magistrate who took the plea of guilt. This motion was denied and exception duly taken. Respondent relies upon section 153 of the New York City Criminal Courts Act to sustain the judgment rendered in the Probation Court. The pertinent part of that section reads as follows: "In case of the death or disability of any such magistrate, or because of the fact that he is not then sitting in the court in which the defendant is to be sentenced, or upon his request endorsed on the papers, sentence may be imposed by any magistrate presiding in the same court, or by the magistrate presiding in the probation court."

The reasoning is that since the Magistrate who ordered the investigation for October 11th in Probation Court was not then sitting in that court and since the Chief City Magistrate was on that date sitting there on regular assignment, it was within the power of the Chief City Magistrate to impose the sentence. Of course, this argument completely overlooks the fact that the Magistrate had specifically provided that the sentence was to take place before him. Concededly, it was an irregularity for him to direct sentence to be had in the Probation Court and in effect assign himself to that court for the purpose of sentencing appellant. Such procedure is improper and ineffective. However, this did not divest the Magistrate of his fundamental

right to sentence, if not in Probation Court, in some other part of the Magistrate's Court where he might be sitting. It seems to us that this irregularity could have been readily corrected by the Chief City Magistrate.

Prior to the enactment of section 153 of the New York City Criminal Courts Act and its development into its present form and content, the matter of transfer of charges from one magistrate to another and their ability or inability to act thereon was contained in section 104 of such Act. This section provided for transfer only in certain contingencies enumerated and in the manner therein prescribed. Apparently, there was found to be need for a more workable statutory scheme to meet the administrative requirements in the Magistrate's Court because of the short assignments and frequent shiftings of magistrates from one court to another. The result was the gradual development of section 153 (then § 98-a) by various legislative enactments beginning with section 32 of chapter 531 of the Laws of 1915. However, it is conceded that these statutory provisions do not deprive a magistrate of his prerogative to retain for sentence before himself any case in which he has officiated.

In our opinion, section 153 may plausibly be subjected to a different interpretation from that advanced by respondent, to the effect that the Chief Magistrate had the power in the instant case to sentence appellant because the original Magistrate was not then sitting in the court in which appellant was to be sentenced.

Section 153, before the enactment contained in chaper 546 of the Laws of 1941, read in part as follows: " In case of the death or disability of any such magistrate, or because of the fact that he is not then sitting in the court in which the defendant is to be sentenced, or upon his request endorsed on the papers, sentence may be imposed by any magistrate presiding in the *same* court." (Italics supplied.)

It is obvious that the statute in that form contemplated sentence by a magistrate sitting in the same court in which the action arose, in the event that the Magistrate who first presided in the case was not then sitting or because of his request indorsed on the papers. The purpose was to permit a magistrate who follows another magistrate in the *same* court to assume jurisdiction. It is difficult to understand the provision for a request indorsed on the papers when the statute already gave to a succeeding magistrate the right to sentence in the event that the first magistrate was not then sitting in the court. That part of section 153 quoted above which reads " or because

of the fact that he is not then sitting in the court in which the defendant is to be sentenced '' was inserted by section 3 of chapter 691 of the Laws of 1926. That part reading '' or upon his request endorsed on the papers '' was already in the statute. A possible explanation of both these contingencies appearing in the statute is that the amendment by section 3 of chapter 691 of the Laws of 1926, would obviate any difficulty that might arise in the case of the failure to indorse a request on the papers for a succeeding magistrate to act in the case. Then too, an indorsed request on the papers might be available and necessary in certain special circumstances that were not concerned with the absence of the original magistrate on the day of sentence.

The last clause in the quoted part of section 153, '' or by the magistrate presiding in the probation court '' was added by chapter 546 of the Laws of 1941. The question immediately arises whether the jurisdiction granted by this clause applies to the situation where the original magistrate is not then sitting in the court in which the defendant is to be sentenced as well as in the instances where a request is indorsed on the papers. The actual practice and procedure at present followed in the Magistrate's Court, where it is proposed to have the magistrate presiding in the Probation Court sentence the defendant, is to place on the papers by a rubber stamp a request that such magistrate sentence the defendant. The necessity for such request seems to be a reasonable and logical interpretation of the statute because, in the absence of such a request, the case could not get into the Probation Court. In our opinion, therefore, it would not be unreasonable to hold that the magistrate presiding in Probation Court obtains jurisdiction to sentence only in those cases where a request to that effect is indorsed on the papers.

One other aspect of the case should be noted before concluding. It has already been pointed out that the Magistrate who took appellant's plea of guilt was present on the bench with the Chief Magistrate when the latter imposed sentence herein. Subsequent to the sentence the Magistrate stated that he was in agreement with the Chief Magistrate on the six month's sentence and that if the matter had appeared officially before him he would have imposed the same sentence. The position is taken that this amounts to approval and ratification of the sentence actually imposed, and in effect makes the sentence of the Chief Magistrate the sentence of the Magistrate himself. We do not agree with this point of view. Procedural matters

of this type should not be adjudicated upon theories of agency, ratification or approval. Indeed the situation presents more than a matter of procedure. It is one of substance especially in view of everything which had transpired in the case before this point had been reached.

In view of the above, the judgment of six months in the workhouse is set aside and the case is remanded to the Magistrate before whom it originally appeared for the purpose of sentence *de novo*.

De Luca, C. J., Oliver and Perlman, JJ., concur.

Judgment accordingly.