Mabtict, P. J.
The Grand Jury, New York County, on January- 16, 1945, after hearing evidence, directed the District Attorney to file an information in the Court of Special Sessions against this defendant. An information was thereafter duly filed. On April 23, 1945, an order was entered by a justice of the Supreme Court, on application by the defendant, directing that the charge he prosecuted by indictment. In compliance with that order an indictment was filed in the Court of General Sessions on May 29, 1945, which contained three counts, eacli of which charged the defendant with the crime of “ Practicing or Appearing as Attorney Without Being Admitted and Registered, in violation of section 270 of the Penal Law ”. The defendant entered a plea of “ Not Guilty ” on'June 14, 1945, hut on February 28, 1946, he withdrew his plea and pleaded guilty of a “ Violation of S 270 P. L. as, charged in 2nd count to cover indictment.”
The minutes of the proceedings made at the time of sentence disclose that the defendant had previously been indicted in Queens County for grand larceny; that after a trial the jury disagreed and then the defendant was permitted to plead guilty to a charge of petit parceny, a misdemeanor. His attempted explanation of that conviction was that he entered a plea of guilty because-he had been “ dragged through the Magistrate’s Court three times ” and was “ weary of the whole thing ”.
The defendant was admitted to practice law in Tennessee and was qualified to practice before the courts and departments in Washington, D. C. The record discloses that in imposing sentence the court referred to a report of the Probation Department which stated that “ the Bureau of Immigration, the Naturalization Service of the U. S. Department of Labor received numerous reports that the defendant was representing himself as an attorney licensed and registered in this State while at the same *513 time defendant was found to be engaged in sharp and suspicious practice regarding immigration and other matters.”
The court then said: “ * * * you are an attorney of a sister state and as such you are held to a higher degree of responsibility than the average person brought before this Court.
11 In view of all the circumstances of this case and the entire background as set forth in the report of the Probation Department, the sentence of the Court is that you be confined to the Penitentiary for a period of six months.”
The sentence was imposed only after a full and complete consideration of the facts. It was not an abuse of discretion and was clearly not excessive. ■ The judgment should, therefore, be affirmed.
This case presents an opportunity to call attention to the fact that careful consideration should be given to every application for a certificate of reasonable doubt.
.An order and certificate of reasonable doubt was entered on April 15, 1946. The order states in part: “ * * # in the opinion of this Court there is reasonable doubt whether said judgment of conviction should stand upon said appeal, upon the ground that the sentence of six months imposed upon defendant is excessive upon the facts of the case and should be reviewed by the Appellate Division * *
In accordance with the provisions of that certificate the defendant was released from jail. It may be pointed out that the Supreme Court justice who granted the order and certificate of reasonable doubt had, a year earlier, made the order directing that the proceedings be taken from the Court of Special Sessions and prosecuted by an indictment instead of on the information on file in the Court of Special Sessions.
Certificates of reasonable doubt may be issued only in accordance with and in compliance with the provisions of section 527 of the Code of Criminal Procedure, which provides as follows: “ An appeal to the appellate division of the supreme court from a judgment of conviction, or other determination from which an appeal can be taken, stays the execution of the judgment or determination upon filing with the notice of appeal, a certificate of the court in which such conviction was had or such determination was made, provided said court was a court of record, or the court of special sessions of the city of New York, or for the supreme court, that in the opinion of said court there is reasonable doubt whether, the judgment should stand, but not otherwise. * * * Sueh&certificate must recite *514 briefly the particular rulings believed to have been erroneous together with any -other grounds upon which it was granted.” (Italics ours.)
The defendant in this case pleaded guilty to the second count in the indictment. No ground for reversal having been urged, there could therefore be no “ reasonable doubt ” or any doubt on this record that the judgment of conviction would be sustained on appeal to the Appellate Division. If the appellate court found the sentence to be excessive, it could be reduced but the conviction would remain unimpaired.
This is a clear illustration of a case where an application fqr a certificate of reasonable doubt should not have been granted. I desire to call attention to the fact that certificates of reasonable doubt may be granted only when the provisions of the Code of Criminal Procedure are complied with and the alleged erroneous rulings are set forth in the certificate. Such certificates are not to be granted as a matter of course.
The judgment of conviction should be affirmed.
Dobe, J.
Solely on the ground that a six months’ sentence is excessive, defendant appeals from a judgment of the Court of General Sessions convicting him on a plea of guilty of practicing law without being admitted to the bar in this State in violation of section 270 of the Penal Law. After conviction and sentence, the Supreme Court at Special Term granted defendant a certificate of reasonable doubt on the sole ground of excessiveness of sentence.
Under section 272 of the Penal Law a violation of section 270 is made a misdemeanor. The maximum sentence for the crime of which defendant was convicted is in excess of six months (§ 1937). When a crime is punishable by imprisonment for not more than a specified time, the court authorized to pronounce judgment upon conviction may in its discretion sentence the offender to imprisonment for any time less than that prescribed by the provisions of the Penal Law (Penal Law, § 2192). The discretion is not an arbitrary power vested in the judge but a judicial power resting’ in the court and any abuse of discretion in imposing an excessive sentence is reviewable on appeal (People v. Miles, 173 App. Div. 179). Under section 543 of the Code of Criminal Procedure this court has the power to reduce a sentence imposed to a sentence not' lighter than the minimum penalty provided by law for the offense of which a defendant has been convicted.
Defendant was admitted to practice law in Tennessee and in certain Federal departments but concededly was never admitted *515 to practice in New York. The indictment charged, and by his plea of gnilty defendant admitted, that between February 1, 1943, and October 11, 1943, he was continuously engaged in the practice of law in this State without being admitted and licensed. During such time he used a letterhead entitled “ Law Offices of Collins & Collins, 50 East 42nd Street, New York City ”. On the side of the letterhead were defendant’s name and other names and the address of a Washington, D. C., office. At the time of sentence defendant was engaged in the manufacturing business. In May, 1945, defendant had pleaded guilty to a charge of petit larceny in Queens County Court, New York, after a jury had disagreed on a charge of grand larceny. For that crime he was placed on probation for three years and ordered to make restitution of $2,000 in twelve monthly payments ; and he was reporting regularly and making the required payments. Defendant had not been convicted of any other crime.
In the minutes of sentence it appears that for about six years defendant had maintained an office at 50 East 42nd Street in which he handled immigration and naturalization matters, and the Bureau of Immigration had received numerous reports that he was representing himself as án attorney licensed to practice in this State and his practice was characterized as “ sharp and suspicious ”. The probation report also indicated that at various times defendant had been the subject of investigation by the Bureau of Immigration and Naturalization Service of the United States Department of Labor as well as by the Federal Bureau of Investigation and the State Department; and that in 1937 the United States Department of Justice, Bureau of War Risk Litigation, Washington, D. C., had requested his resignation as an executive assistant in that bureau.
In imposing sentence the Court of General Sessions stated that defendant as an attorney of a sister State was held to a higher degree of responsibility than the average person and that in the light of all the circumstances of the case and defendant’s entire background as set forth in the report of the Probation Department, he should receive a six months’ sentence.
The sentence imposed represents a carefully considered exercise of discretion by the court based in part on defendant’s record and a thorough investigation by the court’s Probation Department. On all the facts disclosed we have reached the conclusion that the court did not abuse its discretion and that the sentence imposed was not excessive. (See People v. Coyle, 263 App. Div. 937 [1st Dept., 1942], affid. 289 N, Y. 709.)
*516 A further issue is now raised as to the power and propriety of issuing a certificate of reasonable doubt on the ground that the sentence is excessive, when a defendant has pleaded guilty. Section 527 of the Code of Criminal Procedure, so far as here relevant, provides that an appeal to the Appellate Division from judgment of conviction stays execution of the judgment on filing with the notice of appeal a certificate, in this case of the Supreme Court “ that in the opinion of said court there is reasonable doubt whether the judgment should stand, but not otherwise. * * * Such certificate must recite briefly the particular rulings believed to have been erroneous together with any other grounds upon which it was granted.”
As above stated, the sole ground on which the certificate herein was granted was that on the facts of the case in the opinion of Special Term the six months’ sentence was excessive. It is now urged that since defendant pleaded guilty to one count of the indictment and no ground of reversal was presented, there could be no reasonable doubt or any doubt that the judgment would be sustained; that if defendant was aggrieved he could promptly appeal; and that if this court “ found the sentence excessive, it could be reduced but the conviction would remain unimpaired.”
We think it is clear that if the sentence was reduced on appeal the judgment of conviction would not remain unimpaired but would necessarily be modified. In criminal cases the sentence of the court is the judgment rendered by the court (Manke v. People, 74 N. Y. 415, 424; People v. Bork, 78 N. Y. 346, 350; People v. Miles, 173 App. Div. 179, 183, supra). In the Manhe case (supra), the Court of Appeals, reviewing a judgment dismissing a writ of error after conviction of the defendant for murder, held: “ The Oyér and Terminer passed sentence upon the convicted man; and in criminal cases, in the vocabulary of the common law, the sentence given by the court is the judgment rendered by it. (Bl’k. Com., 4th book, p. 136. * * *.)” In the Bork case (supra), on a writ of error after a trial and conviction for the crime of embezzlement for which sentence had been suspended, the Court of Appeals said: “ There was in the Oyer and Terminer a conviction, but sentence was suspended. There was therefore in that court no judgment, because the sentence is the judgment (Manke v. People, 74 N. Y., 424), and that was lacking.” Section 470-a and 470-b of the Code of Criminal Procedure are not here relevant as they relate to the meaning of a “ conviction ” where sentence has been suspended (see People v. Schaller, 224 App. Div. 3, 8). Here sentence was not suspended but imposed.
*517 In the Miles case (supra) reviewing a judgment convicting a defendant of the crime of carrying a concealed weapon, the Appellate Division of the Third Department overruled the contention that the sentence is not part of the judgment and said (p. 183): “ Notwithstanding the suggestion that the sentence is not a part of the judgment, and may not, therefore, be reviewed as a matter of law, both reason and authority point unmistakably to the contrary doctrine, and warrant this court in reversing a judgment of conviction whenever we are satisfied ‘ that justice requires a new trial, ’ whether the error is found in the rulings on evidence, in the charge of the court, or in the sentence imposed, for these are all governed by law and are essential elements in determining whether the requirements of justice have been met. It was determined in Manke v. People (74 N. Y. 415, 424) that the sentence given by the court is the judgment of the court, and this was approved in People v. Bork (78 id. 346, 350), and has never been questioned so far as we are able to discover.”
We hold that in a proper case the Supreme Court has the power under section 527 to grant a certificate of reasonable doubt when in the opinion of the court the sentence is excessive even though the defendant has pleaded guilty. This construction is in conformity with reason and with the language of the statute (§ 527), for if the court in its opinion believes that the sentence is excessive and accordingly unwarranted by law, it may state that there is reasonable doubt whether “ the judgment should stand ”. As the sentence of the court is the judgment of the court and as this court has power in reviewing such judgment to reduce the sentence, the judgment is necessarily modified and therefore does not “ stand ” as rendered if, on appeal, sentence is in fact reduced. As was appropriately said in the Miles case (supra, p. 183): “ An appeal from a judgment brings up the question whether justice has been done in the particular case, and an excessive sentence, a sentence which is unjust in its relation to the offense for which the prisoner has been convicted, is against law just as much as a verdict of a jury for excessive damages in a civil action is against law. ’ ’
It is no answer to say that if the defendant was aggrieved by the sentence he could promptly appeal. If this be proper basis for denying a certificate, the same could be advanced in any case for it may always be said that defendant may promptly appeal. The Legislature with full knowledge of the availability of' appeals has expressly provided that, on appeal, execution of judgment is stayed on filing a certificate of reasonable
*518 doubt. Further, when, as here, the sole basis of the certificate is excessiveness of the sentence, it may well be that before an appeal could be perfected, argued and decided, the defendant would have served the full sentence imposed or a considerable portion thereof; and if the sentence were later modified and reduced to less than the time already served, the modification would be futile to prevent execution of an excessive sentence.
The judgment appealed from should be affirmed.
G-lennon, Cohn and Peck, JJ., concur.
Judgment unanimously affirmed.