THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ALBERT E. NIXON, JR., Appellant.

Third Department, March 25, 1970.

*Bruce G. Dean* for appellant.

*Matthew F. McHugh, District Attorney,* for respondent.

STALEY, JR., J. This is an appeal from a judgment of the County Court of Tompkins County, rendered May 12, 1969, convicting defendant on his plea of guilty to the crime of reckless endangerment in the second degree. (Penal Law, § 120.20.)

On February 12, 1968 officers Glen Robertson and Edward Traynor of the Ithaca Police Department answered a call to go to 201 Third Street in the City of Ithaca to investigate a disturbance. The address was the residence of Mrs. Teresa Haskins, defendant's mother-in-law. The officers arrived at the scene about 9:40 P.M. and observed defendant pounding on the side door of the residence. Officer Robertson left his automobile and approached defendant at which time defendant turned toward him and lowered a shotgun which he was holding, pointing the gun at the officer's stomach with his hand in the vicinity of the trigger. The officer grabbed the barrel of the gun, pushed it to one side, and at least twice ordered defendant to drop the gun. Defendant continued to point the gun at the officer, and the officer then hit defendant on the head, and the gun was dropped. The gun was a 12-gauge shotgun loaded with one slug with the

safety off. Defendant was then placed under arrest, and the officer took possession of the gun. The officer was in uniform at the time, and there was sufficient light on the porch for defendant to observe his clothing.

An information was laid on February 13, 1968 charging defendant with reckless endangerment in the first degree. After a preliminary examination held on March 28, 1968 defendant's case was presented to the Grand Jury, and he was indicted for the crime of reckless endangerment in the first degree in violation of section 120.25 of the Penal Law. On June 1, 1968 defendant demurred to the indictment which was denied. The case was set down for trial in November, 1968 but was postponed to March, 1969 at the request of defendant's attorney.

On February 28, 1969 defendant moved to suppress certain evidence seized by the police, namely, the shotgun, a jackknife, shotgun shells and rifle shells. In addition, defendant moved for permission to inspect the Grand Jury minutes and for a dismissal of the indictment. On March 5, 1969 the motion to suppress was denied as untimely and the other motions were denied on the merits. On March 7, 1969 defendant pleaded guilty to the crime of reckless endangerment in the second degree, a Class A misdemeanor. (Penal Law, § 120.20.) On May 12, 1969 defendant was sentenced to one year of imprisonment in Onondaga County Penitentiary.

Defendant contends on this appeal that the trial court erred in denying (1) his demurrer to the indictment, (2) his motion to suppress, (3) his motion to inspect the Grand Jury minutes, (4) his motion to dismiss the indictment for legal insufficiency, and on the further ground that his sentence was excessive.

Defendant's demurrer to the indictment alleged that it did not conform to the requirements of sections 275 and 276 of the Code of Criminal Procedure; that the facts stated therein did not constitute a crime, and that section 120.25 of the Penal Law was unconstitutional.

A reading of the indictment here indicates that the fundamental requirements of sections 275 and 276 have been met. The indictment designates the crime charged, sets forth the date and place, where and when the act constituting the crime occurred and describes the criminal act. " An indictment is sufficient if it identifies the charge against the defendant so that his conviction or acquittal will prevent a subsequent charge for the same offense, and if it notifies him of the nature and character of the crime charged so that he may prepare his defense." (*People* v. *Armlin,* 6 N Y 2d 231, 234.)

In addition, defendant based his demurrer to the indictment on the ground that section 120.25 of the Penal Law was unconstitutional. It has recently been held that section 120.20 of the Penal Law which defines reckless endangerment in the second degree, and to which crime defendant pleaded guilty, is not unconstitutionally vague and indefinite. (*People* v. *Lucchetti,* 33 A D 2d 566.) The term " recklessly " is defined in subdivision 3 of section 15.05 of the Penal Law, and when read in conjunction with section 120.25, the latter section cannot be construed as being so vague and indefinite as to be deemed unconstitutional. The standards laid down by the statute are clear in their meaning and are capable of reasonable application to varying fact patterns. (*People* v. *Klose,* 18 N Y 2d 141.)

The trial court properly denied defendant's motion to suppress as untimely, since such motion was made on the eve of trial, some twelve months after the indictment. Such motion should be made with reasonable diligence (Code Crim. Pro., § 813-d, subd. 1), unless defendant comes within certain exceptions. There was no justification for defendant's delay in making his motion to suppress, and he did not attempt to bring himself within the exceptions, nor could he have done so. (*People* v. *Britton,* 26 A D 2d 586, cert. den. 386 U. S. 935.) In any event defendant's arrest without a warrant was lawful, as the police officers had probable cause to make the arrest, and the search and seizure were valid as incident thereto. (*People* v. *Glover,* 17 N Y 2d 429; *People* v. *Lane,* 10 N Y 2d 347.)

The trial court's denial of defendant's motion to inspect the Grand Jury minutes was proper, particularly in view of the fact that the trial court found that the testimony before the Grand Jury was " in main the same testimony " as presented at the preliminary examination. In addition, a denial of a motion to inspect the Grand Jury minutes is not appealable. (*People* v. *Howell,* 3 N Y 2d 672; *People* v. *Jackson,* 18 N Y 2d 516; *People* v. *Jackson,* 32 A D 2d 590.)

Defendant's motion to dismiss the indictment as insufficient was supported only by defendant's affidavit containing allegations upon information and belief and conclusions of law. A presumption of regularity attaches to the Grand Jury proceedings and the indictment, and the presumption cannot be overcome by an affidavit such as defendant's. (*People* v. *Howell, supra.*)

Defendant's final contention is that the sentence imposed was excessive. The imposition of sentence is within the discretion and judgment of the sentencing court. (*People* v. *Thiel,* 29 A D 2d 913.) The court here considered the seriousness of defendant's act, his underlying problem of alcoholism, and the pro-

bation report submitted to it prior to sentence. It cannot be said that the trial court abused its discretion in imposing the sentence it did.

The judgment should be affirmed.

HERLIHY, P. J., REYNOLDS, GREENBLOTT and COOKE, JJ., concur.

Judgment affirmed.