■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ELIJAH WILLIAMS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 27, 1973, convicting him of manslaughter in the first degree, attempted assault in the first degree and two counts of possession of a weapon, upon a jury verdict, and imposing a sentence of a prison term of not more than 20 years on the manslaughter conviction and a sentence of a prison term of seven years on each of the three other convictions, all the sentences to run concurrently. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence on the manslaughter conviction to seven years, to run concurrently with the sentences on the other three convictions. As so modified, judgment affirmed. Appellant and another were convicted of the several crimes by reason of having caused the death of one person and having injured a second, by shooting them with loaded firearms on September 25, 1970. Appellant, 18 years of age and a user of drugs at the time of the commission of the crimes, was convicted on eyewitness testimony and his own voluntary confession. He was indicted for murder, attempted murder, attempted assault in the first degree and two counts of possession of weapons as a felony. When arraigned he entered a plea of not guilty, which he later changed to a plea of guilty to manslaughter in the first degree in full satisfaction of the indictment, with permission of the court. The court accepted the plea ,with the understanding that a five-year commitment of incarceration would be the maximum sentence, subject to withdrawal · of the offer, if the probation report indicated that a longer sentence would be more fitting. On July 6, 1972 appellant requested and received permission to withdraw the plea of guilty and to proceed to trial. A trial ensued, with the convictions and sentences occurring as stated above. The fact that appellant proceeded to trial should not militate against him to the extent of having a sentence imposed greatly disproportionate to the one originally conditionally offered. While the probation report presents a most unflatter-

ing picture of appellant's past derelictions, we feel he should not have been so harshly penalized for pursuing his constitutional right to a trial by jury. Accordingly, we reduce the sentence as hereinabove directed. Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Cohalan, JJ., concur.