■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

---

* The instant case is thus fully distinguishable from our determination in *Avildsen v Prystay* (171 AD2d 13).

JULIO DIAZ, Appellant.—Judgment of the Supreme Court, New York County (John A.K. Bradley, J.), rendered on April 4, 1990, convicting defendant, following a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him, as a predicate felon, to an indeterminate term of imprisonment of from 8 to 16 years, is affirmed.

Defendant was convicted of the sale of two vials of crack cocaine to an undercover police officer for $10 in prerecorded "buy" money. The officer testified at trial that the co-defendant gestured to defendant, who approached, negotiated the sale and directed the officer to pay the co-defendant. Defendant was arrested minutes later in possession of $5 of the "buy money". The delivery by the court of a charge on accessorial liability, the jury having only requested a definition of the term "sale", was not reversible error. Although the instruction was not responsive to the jury's question, it could not have prejudiced defendant. Since accessorial liability was not in issue at trial, the jury could not have attached any particular significance to this charge, and, in any event, any error is harmless in view of the overwhelming evidence of defendant's guilt *(People v Newton,* 120 AD2d 751).

As for defendant's sentence, it is not excessive under the circumstances herein. Defendant is clearly an experienced drug dealer who has, over the past eleven years, accumulated approximately thirty misdemeanor convictions, most of them for the sale and possession of marijuana. He has also engaged in some larcenies, including one that resulted in his receiving a felony conviction for grand larceny in the third degree, thereby rendering him a second felony offender. Considering defendant's unrelenting criminal history extending over a long period of time, the trial court did not abuse its discretion in imposing sentence. Further, a court may properly assess a higher sentence after trial than what has previously been offered as part of a plea bargain *(People v Pena,* 50 NY2d 400, *cert denied* 449 US 1087). Concur—Sullivan, J. P., Milonas, Asch and Kassal, JJ.

Carro, J., dissents in part in a memorandum as follows: I believe the sentence of 8 to 16 years imprisonment imposed on the defendant for selling two vials of crack for $10 to an undercover police officer is unduly harsh or severe, and should be reduced to 5 to 10 years. Codefendant Robert Johnson, who received the money from the undercover officer, was permitted to plead down to attempted criminal sale of a controlled substance in the third degree, and was sentenced to 1½ to 4½ years. The defendant was offered a similar sentence of 2 to 4

years if he pleaded guilty, presumably to a lesser included charge (CPL 220.10 [5] [a] [iii]), but the defendant elected to go to trial.

It is unquestioned that the plea bargaining process necessarily involves "offers to *moderate* sentences ·that *ordinarily* would be greater \* \* \* [and] that sentences handed out after trial may be more severe than those proposed in connection with a plea." *(People v Pena,* 50 NY2d 400, 412, *cert denied* 449 US 1087 [emphasis added].) Thus, the question for a sentence reviewing court is whether the sentence imposed upon a defendant after he goes to trial is within the range "ordinarily" imposed for like crimes, or whether it was "unduly harsh or severe" (CPL 470.15 [2] [c]). What is prohibited, of course, is punishing a defendant for refusing to accept the plea bargain and exercising his constitutional right to a trial. *(People v Pena,* 50 NY2d, *supra,* at 412.)

In this regard, the Appellate Division, Second Department, has stated: "The fact that appellant proceeded to trial should not militate against him to the extent of having a sentence imposed greatly disproportionate to the one originally conditionally offered." *(People v Williams,* 46 AD2d 783; *see also, People v Pluff,* 58 AD2d 1023 [4th Dept].) In *People v Brown* (70 AD2d 505), the defendant was offered a sentence of 3⅓ to 10 years if he pleaded guilty to manslaughter, but the court thereafter sentenced him, after trial, to a term of 8 to 24 years. In reducing that sentence to a term of 6 to 18 years, this court observed the following, which I find directly pertinent to the case now before us: "As the bargained plea is customarily a plea whose consequence will be less than what the parties expect would be a proper sentence absent the plea, it is not surprising that the sentence imposed absent the plea is greater than the sentence expected on the plea. But the sentence imposed, absent the plea, must still be a sentence which is just and proper in relation to the facts of the particular case and does not penalize defendant (beyond the loss of his plea bargain) for going to verdict \* \* \* Defendant's previous criminal record appears to have been largely nonviolent drug related crimes. In these circumstances, the difference between the sentence the court had conditionally promised, 3⅓ to 10 years, and that ultimately imposed, 8 to 24 years, is so great as to perhaps create the appearance that the defendant was being punished for proceeding to verdict, rather than receiving merely the sentence which his crime and record justified." (70 AD2d, *supra,* at 506.)

The defendant herein has a record of nonviolent drug

related crimes, and a Class E felony conviction for larceny in December 1980, nearly nine years before commission of the instant crime. The imposition of a sentence almost *four times* more lengthy than that promised on the plea offer surely raises a significant possibility that the defendant was punished with an unduly harsh sentence merely for exercising his right to a jury trial.

My conclusion that the sentence imposed was unduly harsh or severe is supported by several cases recently decided by this court, involving facts very similar to those presented herein. In *People v Acosta* (157 AD2d 485, *lv denied* 75 NY2d 916), the defendant was sentenced to 12½ to 25 years for criminal sale of a controlled substance in the third degree. We found that sentence for a single $10 drug sale excessive, and reduced it to 5 to 10 years, noting that the codefendant in that case was sentenced to a term of 2 to 4 years for conduct hardly different from that of the appellant therein. In *People v Depass* (168 AD2d 230, *lv denied* 77 NY2d 876), we reduced to a term of 5 to 10 years, a sentence of 8½ to 17 years for a single $20 sale of crack. In *People v Cowell* (170 AD2d 343, *lv denied* 77 NY2d 993), we reduced to a term of 5 to 10 years, a sentence of 8 to 16 years for selling two vials of crack, even though the defendant had a record of 22 convictions, including three felonies.

The affirmance by the majority of the defendant's sentence of 8 to 16 years for a single $10 sale of crack represents a considerable departure from the recent sentence modification cases decided by this court, and additionally fails to take into account the gross disparity between the sentence imposed and the far lesser sentence offered as part of a plea bargain, as well as the 1½ to 4½ year sentence imposed on the codefendant Johnson. I am thus left with the disquieting impression that "the defendant was being punished for proceeding to verdict, rather than receiving merely the sentence which his crime and record justified." *(People v Brown, supra,* 70 AD2d 505, 506.) I must accordingly register my dissent.