People v Curtis (2021 NY Slip Op 04442)





People v Curtis


2021 NY Slip Op 04442


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


428 KA 19-00214

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ELIJAH CURTIS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (THOMAS M. LEITH OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (James H. Cecile, A.J.), rendered November 13, 2018. The judgment convicted defendant upon a plea of guilty of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the seventh degree and criminal possession of marihuana in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). The People correctly concede that defendant did not validly waive his right to appeal (see People v Clark, 178 AD3d 1409, 1410 [4th Dept 2019], lv denied 34 NY3d 1157 [2020]; People v Coats, 158 AD3d 1296, 1297 [4th Dept 2018], lv denied 31 NY3d 1080 [2018]). Contrary to defendant's contention, however, the sentence is not unduly harsh or severe. We are nevertheless "compelled to emphasize once again" that, contrary to the assertion in the People's brief, a criminal defendant need not show extraordinary circumstances or an abuse of discretion by the sentencing court in order to obtain a sentence reduction under CPL 470.15 (6) (b) (People v Cutaia, 167 AD3d 1534, 1535 [4th Dept 2018], lv denied 33 NY3d 947 [2019]; see People v Thomas, 194 AD3d 1405, 1406 [4th Dept 2021]; People v Kibler, 187 AD3d 1569, 1570 [4th Dept 2020]). Finally, both the certificate of conviction and the uniform sentence and commitment form must be corrected to reflect County Court's imposition of a three-year, not a two-year, period of
postrelease supervision on count one.
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court