People v Dolison (2021 NY Slip Op 07377)





People v Dolison


2021 NY Slip Op 07377


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


885 KA 19-01907

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEVIN E. DOLISON, DEFENDANT-APPELLANT. 






HAYDEN DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered August 29, 2019. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the second degree (Penal Law
§ 160.10 [1]). We affirm.
Defendant contends that County Court improperly failed to inquire into his requests for a new attorney. "Assuming, arguendo, that [defendant's] contention is not foreclosed by his guilty plea" (People v Jeffords, 185 AD3d 1417, 1418 [4th Dept 2020], lv denied 35 NY3d 1095 [2020]), we reject it. Defendant's oral request for a new lawyer was couched in vague and conclusory terms of unspecified coercion and "communication issues," and it is well established that such a request does not "trigger the court's duty to make a minimal inquiry" (People v El Hor, 197 AD3d 1118, 1120 [2d Dept 2021], lv denied — NY3d — [2021]; see People v MacLean, 48 AD3d 1215, 1217 [4th Dept 2008], lv denied 10 NY3d 866 [2008], reconsideration denied 11 NY3d 790 [2008]; People v Rodriguez, 28 AD3d 403, 404 [1st Dept 2006], lv denied 7 NY3d 817 [2006]). Defendant abandoned his subsequent written request for a new lawyer by pleading guilty before the court could rule on it (see People v Crosby, 195 AD3d 1602, 1604 [4th Dept 2021], lv denied 37 NY3d 1026 [2021]; see also People v Alexander, 82 AD3d 619, 623-624 [1st Dept 2011], affd 19 NY3d 203 [2012]; People v Goodison, 196 AD3d 1049, 1049 [4th Dept 2021], lv denied — NY3d — [2021]). Contrary to defendant's assertion, the court did not respond to the written request with "an ultimatum . . . to either plead guilty with present counsel or proceed to trial with present counsel" (Crosby, 195 AD3d at 1602 [internal quotation marks omitted]; cf. People v Jones, 173 AD3d 1628, 1630 [4th Dept 2019]). Indeed, when the court asked defendant if he "want[ed] to be heard" following the submission of his written request, defendant said only "I'm willing to take the plea," and he then pleaded guilty without any further complaint about his lawyer.
The sentence is not unduly harsh or severe. We are nevertheless " 'compelled to emphasize once again' that, contrary to the assertion in the People's brief, a criminal defendant need not show extraordinary circumstances or an abuse of discretion by the sentencing court in order to obtain a sentence reduction under CPL 470.15 (6) (b)" (People v Curtis, 196 AD3d 1145, 1146 [4th Dept 2021], lv denied 37 NY3d 1026 [2021]). Contrary to the People's further contention, " 'and as we have previously noted, it is [likewise] well settled that this Court's sentence-review power may be exercised, if the interest of justice warrants, without deference to the sentencing court . . . , and that we may substitute our own discretion for that of a trial court which has not abused its discretion in the imposition of a sentence' " (People v Cutaia, 167 [*2]AD3d 1534, 1535 [4th Dept 2018], lv denied 33 NY3d 947 [2019]; see People v Alexander, 197 AD3d 1013, 1015 [4th Dept 2021], lv denied — NY3d — [2021]).
Defendant's remaining contentions are unpreserved for appellate review.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court