People v Acosta (2022 NY Slip Op 05390)

People v Acosta

2022 NY Slip Op 05390

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, PERADOTTO, AND NEMOYER, JJ.

590 KA 19-01871

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEREMY A. ACOSTA, DEFENDANT-APPELLANT. 

DAVISON LAW OFFICE, PLLC, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered July 16, 2019. The judgment convicted defendant upon a jury verdict of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree (four counts) and criminal possession of a controlled substance in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence of imprisonment imposed for criminal possession of a controlled substance in the first degree under count one of the indictment to a determinate term of 14 years, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]).
Defendant failed to preserve for our review his contention that the indictment was multiplicitous (see CPL 470.05 [2]; People v Edwards, 159 AD3d 1425, 1426 [4th Dept 2018], lv denied 31 NY3d 1116 [2018]; People v Box, 145 AD3d 1510, 1513 [4th Dept 2016], lv denied 29 NY3d 1076 [2017]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; Edwards, 159 AD3d at 1426; Box, 145 AD3d at 1513).
Defendant next contends that the police lacked a founded suspicion that criminal activity was afoot to support the canine sniff search of the exterior of his vehicle during a lawful traffic stop and, thus, County Court erred in refusing to suppress as fruit of the poisonous tree physical evidence seized thereafter, i.e., a set of keys in the vehicle and drugs later found in a shared utility room of defendant's residential building in a toolbox that was unlocked by the keys. We reject that contention. Here, the court properly concluded that, based on the totality of the information known to the police prior to the lawful traffic stop, the police had the requisite "founded suspicion that criminal activity [was] afoot" to justify the canine sniff search of the exterior of defendant's vehicle (People v Blandford, 37 NY3d 1062, 1063 [2021], cert denied — US &mdash, 142 S Ct 1382 [2022]; see People v Devone, 15 NY3d 106, 113-114 [2010]; see also People v Lee, 110 AD3d 1482, 1483 [4th Dept 2013]; People v Oldacre, 53 AD3d 675, 676 [3d Dept 2008]). After the dog alerted on the exterior of the vehicle, probable cause existed to search the vehicle and, therefore, the canine search of the interior—during which an officer noticed the set of keys—was lawful (see People v Romero, 120 AD3d 947, 948 [4th Dept 2014], lv denied 24 NY3d 1004 [2014]; People v Boler, 106 AD3d 1119, 1122 [3d Dept 2013]; see also People v Offen, 78 NY2d 1089, 1091 [1991]; People v Blanche, 183 AD3d 1196, 1199 [3d Dept 2020], lv denied 35 NY3d 1064 [2020]). Inasmuch as the canine sniff search was lawful, there is no basis for suppressing any evidence seized thereafter as the fruits of an illegal search.
Defendant also contends that he was deprived of a fair trial by the presence of uniformed officers in the courtroom gallery during summations. We reject that contention. A criminal defendant " 'is entitled to have [their] guilt or innocence determined solely on the basis of the evidence introduced at trial, and not on grounds of official suspicion, indictment, continued custody, or other circumstances not adduced as proof at trial' " (Holbrook v Flynn, 475 US 560, 567 [1986]; see People v Nelson, 27 NY3d 361, 367 [2016], cert denied — US &mdash, 137 S Ct 175 [2016]). "Trial courts have the inherent authority and the affirmative obligation to control conduct and decorum in the courtroom, in order to promote the fair administration of justice for all" (Nelson, 27 NY3d at 367). Where, as here, that decorum is challenged on the basis of "state-sponsored courtroom practices," such as the presence of uniformed officers seated in the courtroom gallery (id. at 368 [internal quotation marks omitted]; see Holbrook, 475 US at 570-572; Nelson, 27 NY3d at 376-377 [Garcia, J., concurring]; see generally Carey v Musladin, 549 US 70, 75 [2006]), "the nature of our review is to determine whether an unacceptable risk is presented of impermissible factors coming into play" (People v Allen, 183 AD3d 1284, 1286 [4th Dept 2020], affd 36 NY3d 1033 [2021] [internal quotation marks omitted]; see Holbrook, 475 US at 570-572; Nelson, 27 NY3d at 368). Here, the trial transcript is devoid of any facts establishing the number of officers present, where in the gallery they were seated, whether each was in uniform or in plain clothes, or how many were armed with their service weapons, and thus there is no basis for us to conclude that their presence in the courtroom presented such a risk (see Allen, 183 AD3d at 1286; People v Grant, 160 AD3d 1406, 1407 [4th Dept 2018], lv denied 31 NY3d 1148 [2018]; cf. People v Nguyen, 156 AD3d 1461, 1462 [4th Dept 2017], lv denied 31 NY3d 1016 [2018]; People v Harriott, 128 AD3d 470, 471 [1st Dept 2015], lv denied 26 NY3d 1008 [2015]).
Defendant failed to preserve for our review his further contention that he was deprived of a fair trial by a comment of the prosecutor during summation that improperly shifted the burden of proof (see CPL 470.05 [2]; People v Kims, 24 NY3d 422, 440 [2014]; People v Cirino, 203 AD3d 1661, 1664 [4th Dept 2022], lv denied 38 NY3d 1132 [2022]). In any event, that contention lacks merit. The prosecutor's comment constituted "a fair response to arguments raised by the defense on summation" (People v Maddox, 236 AD2d 832, 832-833 [4th Dept 1997], lv denied 89 NY2d 1037 [1997]). Moreover, even assuming, arguendo, that the prosecutor's comment improperly shifted the burden of proof, we conclude that "[t]he single improper comment was not so egregious that defendant was thereby deprived of a fair trial" (People v Willson, 272 AD2d 959, 960 [4th Dept 2000], lv denied 95 NY2d 873 [2000]; see Box, 145 AD3d at 1512).
We reject defendant's contention that the verdict is against the weight of the evidence with respect to his constructive possession of the drugs. Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, although an acquittal would not have been unreasonable, the verdict is not against the weight of the evidence (see People v Barnes, 197 AD3d 977, 978 [4th Dept 2021], lv denied 37 NY3d 1058 [2021]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The jury was entitled to credit the testimony of the People's witnesses and reject the exculpatory testimony of defendant (see People v Twillie, 155 AD3d 1686, 1687 [4th Dept 2017], lv denied 30 NY3d 1120 [2018]; People v Rivera, 281 AD2d 927, 928 [4th Dept 2001], lv denied 96 NY2d 906 [2001]), and we perceive no reason to disturb those credibility determinations (see generally People v Tetro, 175 AD3d 1784, 1788 [4th Dept 2019]).
We nonetheless agree with defendant that the aggregate sentence of imprisonment of 18 years is unduly harsh and severe. Preliminarily, we are " 'compelled to emphasize once again' that, contrary to the assertion in the People's brief, a criminal defendant need not show extraordinary circumstances or an abuse of discretion by the sentencing court in order to obtain a sentence reduction under CPL 470.15 (6) (b)" (People v Curtis, 196 AD3d 1145, 1146 [4th Dept 2021], lv denied 37 NY3d 1026 [2021]; see e.g. People v Dolison, 200 AD3d 1632, 1633-1634 [4th Dept 2021], lv denied 38 NY3d 949 [2022]; People v Cutaia, 167 AD3d 1534, 1535 [4th Dept 2018], lv denied 33 NY3d 947 [2019]). This Court has "broad, plenary power to modify a sentence that is unduly harsh or severe under the circumstances, even though the sentence may be within the permissible statutory range," and we may exercise that power, "if the interest of justice warrants, without deference to the sentencing court" (People v Delgado, 80 NY2d 780, 783 [1992]; see CPL 470.15 [6] [b]). Upon our consideration of, among other things, defendant's largely remote criminal history, the nonviolent nature of the present offenses, and the disparity [*2]between the court's pretrial sentencing promise of 12 years of imprisonment if defendant pleaded guilty and the ultimate sentence imposed (see People v Ellison, 167 AD3d 1552, 1554 [4th Dept 2018]), we modify the judgment as a matter of discretion in the interest of justice by reducing the sentence of imprisonment imposed for criminal possession of a controlled substance in the first degree under count one of the indictment to a determinate term of 14 years (see CPL 470.15 [6] [b]; Romero, 120 AD3d at 948).
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court