People v Brisman (2025 NY Slip Op 00123)

People v Brisman

2025 NY Slip Op 00123 [43 NY3d 322]

January 9, 2025

Troutman, J.

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, July 23, 2025

[*1]

The People of the State of New York, Respondent,
v
Jason Brisman, Appellant.

Argued November 19, 2024; decided January 9, 2025

PROCEDURAL SUMMARY

Appeal, by permission of the Chief Judge of the Court of Appeals, from an order of the Appellate Division of the Supreme Court in the Third Judicial Department, entered December 9, 2021. The Appellate Division order, insofar as appealed from, affirmed a judgment of the Chemung County Court (Christopher P. Baker, J.) which had imposed a prison term of 31/2 to 7 years upon defendant's conviction of promoting prison contraband in the first degree.

People v Brisman, 200 AD3d 1219, reversed.

HEADNOTE

Crimes
 - Sentence
 - Harsh or Excessive Sentence
 - Standard of Review

In a criminal prosecution, the Appellate Division erred in applying an abuse of discretion standard in rejecting defendant's challenge to the severity of his sentence, rather than considering whether defendant's sentence was unduly harsh or severe. An abuse of discretion standard is inconsistent with the CPL, which commits excessive sentence determinations purely to the Appellate Division's interest of justice jurisdiction. Appellate courts apply an abuse of discretion standard in reviewing rulings that are inherently unsusceptible to broad generalization and therefore unamenable to clear rules for lower courts, where the law accordingly commits certain trial-level determinations to a court's discretion to begin with. Challenges to the severity of a sentence are addressed not to the appellate courts' power to modify on the law but are instead addressed purely to the courts' interest of justice powers, which are distinct from determinations made on the law. Accordingly, those courts have broad, plenary power to reduce a sentence without deference to the sentencing court. A defendant need not show extraordinary circumstances or an abuse of discretion by the sentencing court in order to obtain a sentence reduction.

POINTS OF COUNSEL

Clea Weiss, Rochester, for appellant. I. The Third Department failed to use the standard of review selected by the Legislature in CPL 470.15 (6) (b)—whether a sentence is unduly harsh or severe—in reviewing Jason Brisman's request for a sentence reduction. (People v Brenda WW., 222 AD3d 1188; People v Miles, 173 App Div 179; People v Lopez, 6 NY3d 248; People v Cerulli, 179 App Div 930; People v Speiser, 277 NY 342.) II. The intermediate appellate courts should consider the disparity between a plea offer and the sentence imposed after trial when conducting sentence review pursuant to CPL 470.15 (6) (b). (People v Van Pelt, 76 NY2d 156; Bordenkircher v Hayes, 434 US 357; People v Martinez, 26 NY3d 196; Alabama v Smith, 490 US 794; Wasman v United States, 468 US 559.) III. This appeal is not moot. (Matter of Flowers v Miller, 284 AD2d 618; People v Ramirez, 89 NY2d 444; People ex rel. Howard v Yelich, 87 AD3d 772; People v Winters, 196 AD3d 847.)
Weeden A. Wetmore, District Attorney, Elmira (Nathan M. Bloom of counsel), for respondent. I. The Third Department did not err in deferring to the sentencing court. (People v Delgado, 80 NY2d 780; People v Jemes, 132 AD3d 1361; People v Frank, 89 AD3d 517; People v Delgado, 178 AD2d 275; People v Junco, 43 AD2d 266.) II. Because the Third Department found no trial penalty, the prosecution's plea offer was not an appropriate factor in reviewing the defendant's sentence under CPL 470.15. (People v Avery, 85 NY2d 503; People v Farrar, 52 NY2d 302.)
Scott Lockwood, Deer Park, for New York State Association of Criminal Defense Lawyers, amicus curiae. I. The "extraordinary circumstances" test has no statutory basis. (People v Gemmill, 34 AD 177; People v Delgado, 80 NY2d 780; People v Colon, 192 AD3d 1567.) II. The preservation requirement is irrelevant in this context given the broad review power of an intermediate appellate court and the role of the judge in sentencing. (Pfeifer v Jones & Laughlin Steel Corp., 678 F2d 453; People v Jones, 81 AD2d 22; People v Fuller, 57 NY2d 152; People v Delgado, 80 NY2d 780.)

{**43 NY3d at 324} OPINION OF THE COURT

Troutman, J.

The intermediate appellate courts are empowered to reduce a sentence that, though legal, is "unduly harsh or severe" (CPL 470.15 [6] [b]). The decisions whether a sentence warrants reduction under that standard, and the extent to which the sentence should be reduced, are committed to the discretion of the intermediate appellate court, which has "broad, plenary power" to reduce the sentence "without deference to the sentencing court" (People v Delgado, 80 NY2d 780, 783 [1992]). A defendant need not demonstrate extraordinary circumstances or abuse of discretion by the sentencing court in order to obtain a sentence reduction (see People v Brenda WW., 222 AD3d 1188, 1193 n 2 [3d Dept 2023]; People v Acosta, 208 AD3d 1579, 1582 [4th Dept 2022], lv denied 39 NY3d 1076 [2023]; People v Mitchell, 168 AD3d 531, 532 [1st Dept 2019]).
While incarcerated for manslaughter, defendant engaged in a fight with another incarcerated person. Defendant cut his finger during the fight; his opponent sustained a face wound. After restraining the combatants, correction officers found a bloody, sharpened porcelain shard lying within an arm's length of defendant. Defendant was convicted of promoting prison contraband in the first degree (Penal Law § 205.25 [2]) and sentenced as a second felony offender to 31/2 to 7 years in prison (200 AD3d 1219, 1219-1221 [3d Dept 2021]). The Appellate Division rejected defendant's challenge to the severity of his sentence on the ground that there were " 'no extraordinary [*2]circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice' " (id. at 1222, quoting People v Planty, 155 AD3d 1130, 1135 [3d Dept 2017], lv denied 30 NY3d 1118 [2018]).[FN1] Although we lack the discretionary authority to review a challenge to the severity of a sentence{**43 NY3d at 325} (see People v Speiser, 277 NY 342, 344 [1938]), we have the power to review the applicable standard (see Delgado, 80 NY2d at 783; see generally People v Gillotti, 23 NY3d 841, 860-861 [2014]). Because the Appellate Division applied an erroneous standard, we reverse the order and remit for consideration of defendant's excessive sentence claim under the proper standard.
The Appellate Division has the "inherent power" to reduce an unduly harsh or severe sentence (People v Thompson, 60 NY2d 513, 520 [1983]). Indeed, even before the 1896 establishment of the Appellate Division (see 1894 NY Const, art VI, § 2), the intermediate appellate courts had the power to reduce a sentence as "excessive and severe" (People v Hildebrandt, 16 Misc 195, 199 [Queens County Ct 1896]; see People v Casey, 72 NY 393, 396 [1878] [sentence challenged in the lower courts as "excessive"]; see also People v Miller, 15 NYS 516 [Sup Ct, Gen Term, 2d Dept 1891] [reducing a sentence of imprisonment to a $25 fine]; People v Baldwin, 4 NYS 608, 608 [Sup Ct, Gen Term, 3d Dept 1889] [reversing dismissal of an appeal on the ground that the defendant "had the right to have the court of sessions exercise its discretion as to the sentence"]). Over the years that followed, the legislature enacted statutes clarifying the Appellate Division's powers. The first instance of legislative action was in 1919, when the legislature formally codified the Appellate Division's "complete jurisdiction to reduce the sentence" (Speiser, 277 NY at 344; see L 1919, ch 282). This legislation came on the heels of two significant Appellate Division decisions. In People v Miles (173 App Div 179 [3d Dept 1916]), the Third Department granted a new trial as a remedy for an excessive sentence (see id. at 183-185), and, in People v Cerulli (179 App Div 930 [2d Dept 1917]), a split Second Department{**43 NY3d at 326} called Miles into question (see id. at 930). The 1919 legislation confirmed that the Appellate Division had the power to reduce sentences as the intermediate appellate courts had done before. New Yorkers enshrined this power in their Constitution (see NY Const, art VI, § 4 [k]; People v Pollenz, 67 NY2d 264, 267-268 [1986]).
While the 1919 legislation settled any questions about the intermediate appellate courts' broad powers and the proper remedies, it said nothing of the standard. Over the ensuing decades, however, appellate decisions confirmed the courts' historic power to reduce a sentence that is "excessive" or "unduly severe" (see e.g. People v Marsh, 20 AD2d 918, 918 [2d Dept 1964]; People v Fisher, 19 AD2d 613, 613 [1st Dept 1963]; People v Spagnolia, 260 App Div 551, 552 [4th Dept 1940]). Courts also began to use the synonymous term "unduly harsh" (see People v Gittelson, 18 NY2d 427, 430 [1966]; People v McDonald, 8 Misc 2d 50, 51 [Columbia County Ct 1957]). As one court observed, the Code of Criminal Procedure, which governed criminal procedure in this state through 1970, "g[ave] every defendant the right of review of the sentence meted out to [them] and impose[d] upon the court the responsibility to determine whether the sentence is harsh and excessive and should be modified" (People v Corapi, 42 Misc 2d 247, 254 [App Term, 1st Dept 1964], citing Code Crim Pro § 543).
At the same time, some Appellate Division decisions contemplated a heightened standard under which the defendant must demonstrate extraordinary circumstances or abuse of discretion (see e.g. People v Caputo, 13 AD2d 861, 861 [3d Dept 1961] ["The imposition of sentence is within the discretion and judgment of the sentencing court and an appellate court will not interfere with such discretion except under most extraordinary circumstances which do not here exist"]; People v Nixon, 33 AD2d 403, 407 [3d Dept 1970] ["It cannot be said that the trial court abused its discretion in imposing the sentence it did"]). The legislature settled any doubts with the enactment of the Criminal [*3]Procedure Law in 1970. CPL 470.15 and 470.20, which have remained unchanged since the statute's enactment, empower the intermediate appellate courts to modify, "as a matter of discretion in the interest of justice," a sentence that, "though legal, was unduly harsh or severe" (CPL 470.15 [6] [b]) {**43 NY3d at 327}and provide that, upon doing so, "the court must itself impose some legally authorized lesser sentence" (CPL 470.20 [6]).[FN2]
An abuse of discretion standard is inconsistent with the CPL, which commits excessive sentence determinations purely to the Appellate Division's interest of justice jurisdiction. Appellate courts apply an abuse of discretion standard in reviewing rulings that are inherently unsusceptible to broad generalization and therefore unamenable to clear rules for lower courts—where the law accordingly commits certain trial-level determinations to a court's discretion to begin with (see Matter of State of New York v John S., 23 NY3d 326, 344 [2014]). Abuse of discretion is, for example, the standard appellate courts use in reviewing a challenge to the admission or exclusion of evidence at trial (see id.), and a reversal or modification based on such abuse of discretion is one made on the law (see People v Mawhiney, 220 AD3d 1055, 1060 [3d Dept 2023]; People v Singleton, 139 AD3d 208, 210, 215 [1st Dept 2016]; People v Salim, 96 AD3d 1484, 1485 [4th Dept 2012], lv denied 19 NY3d 1028 [2012]; see also CPL 470.15 [4] [a]). Challenges to the severity of a sentence are addressed not to the appellate courts' power to modify on the law but are instead addressed purely to the courts' interest of justice powers (see CPL 470.15 [6] [b]), which are distinct from determinations made on the law (see CPL 470.15 [3] [a], [c]). Accordingly, we have been clear that those courts have "broad, plenary power" to reduce a sentence "without deference to the sentencing court" (Delgado, 80 NY2d at 783).
Our dissenting colleagues do not say that abuse of discretion is the proper legal standard for evaluating a defendant's challenge to the severity of a sentence. Instead, they suggest that abuse of discretion is not a standard of review at all, but a "manifest[ation]" of the Appellate Division's conclusion upon application of the proper legal standard—that being whether the sentence is "unduly harsh or severe" (dissenting op at &mdash). Of course, abuse of discretion is a standard of review familiar to appellate jurists all over this country, including the Justices of our state's Appellate Division. As those Justices well know, it is an inquiry distinct from whether the Appellate Division should exercise its own discretion in the interest of justice (see{**43 NY3d at 328} People v Z.H., 192 AD3d 55, 58 [4th Dept 2020, Troutman, J.] ["Although we do not conclude that the court abused its discretion in denying defendant youthful offender status, we choose to exercise our discretion in the interest of justice to determine that defendant is a youthful offender"]). We know the dissenters agree because we said as much two months ago (see People v Shader, 43 NY3d 129, 137-138 [Nov. 26, 2024]).
The dissent's misguided analysis flows from its misunderstanding of Delgado (80 NY2d 780). In Delgado and its two companion cases, Diaz and Ramsey, we were presented with three decisions wherein the defendants' sentencing challenges split the Appellate Division (see People v Delgado, 178 AD2d 275 [1st Dept 1991]; People v Diaz, 177 AD2d 406 [1st Dept 1991]; People v Ramsey, 178 AD2d 269 [1st Dept 1991]). One majority memorandum concluded that the sentence was "not excessive under the circumstances" and added that the "court did not abuse its discretion" (Diaz, 177 AD2d at 407), and concurrences in the other two urged the application of an abuse of discretion standard (see Delgado, 178 AD2d at 276; Ramsey, 178 AD2d at 270).
In affirming, we began with the appropriate standard, explaining that the "intermediate appellate court has broad, plenary power to modify a sentence that is unduly harsh or severe under the circumstances," and that this "sentence-review power may be exercised, if the interest of justice warrants, without deference to the sentencing court" (Delgado, 80 NY2d at 783). Having articulated a standard of review entirely incompatible with an abuse of discretion standard, we nonetheless concluded that the Appellate Division "did not misapprehend its power in these cases" inasmuch as we "read the Appellate Division's statements that the sentencing courts did not abuse their discretion to mean that the Appellate Division did not find the sentences unduly harsh or severe under the circumstances" (id.). Our understanding that the Appellate Division "did not find the sentences unduly harsh or severe under the circumstances" essentially mirrored the conclusion in Diaz that the sentence was "not excessive under the circumstances" (177 AD2d at 407), language which is conspicuously absent from the decision below (contra dissenting op at — [obfuscating the distinction between Diaz and the instant case by describing their language [*4]as "virtually identical"]). Moreover, our decision in Delgado was specific to the statements as we understood them in the context of those writings. We did{**43 NY3d at 329} not say that abuse of discretion is the appropriate standard, nor did we bind ourselves to affirming in every case where the Appellate Division employs abuse of discretion language. Indeed, the dissenters appear to agree that there are cases where the Third Department employed abuse of discretion language in applying the wrong standard of review (see dissenting op at &mdash, quoting People v Lancaster, 143 AD3d 1046, 1054 [3d Dept 2016], lv denied 28 NY3d 1147 [2017]).
Unlike in Delgado, we cannot read the references to "extraordinary circumstances or abuse of discretion" in this case to mean that the Appellate Division applied the proper "unduly harsh or severe" standard because the Third Department's subsequent jurisprudence demonstrates—and indeed acknowledges—that it had not been applying the "unduly harsh or severe" standard at the time it decided the instant case. Six months after deciding the instant case, the Third Department abandoned the "extraordinary circumstances or abuse of discretion" standard altogether. That Court last articulated that standard in five decisions released May 19, 2022 (see People v Purdie, 205 AD3d 1225, 1226 [3d Dept 2022], lv denied 38 NY3d 1135 [2022]; People v Thompson, 205 AD3d 1232, 1233 [3d Dept 2022]; People v Torres, 205 AD3d 1211, 1212 [3d Dept 2022]; People v Blair, 205 AD3d 1227, 1228-1229 [3d Dept 2022], lv denied 38 NY3d 1132 [2022]; People v Duckett, 205 AD3d 1229, 1230 [3d Dept 2022], lv denied 39 NY3d 939 [2022]). Only weeks later, it reduced sentences in three criminal appeals (see People v Harris, 206 AD3d 1454, 1461 [3d Dept 2022] [concluding that an aggregate sentence of 50 years to life for a persistent felony offender who was convicted of nonviolent felonies was unduly harsh and severe], lv denied 39 NY3d 940 [2022]; People v Drumgold, 206 AD3d 1044, 1048 [3d Dept 2022], lv denied 38 NY3d 1150 [2022]; People v Kerrick, 206 AD3d 1268, 1271 [3d Dept 2022] [reducing a 20-year sentence to 12 years to rectify a disparity in sentencing of accomplices who received five years in prison and six months in jail, respectively], lv denied 38 NY3d 1151 [2022]; cf. People v Smith, 206 AD3d 1058, 1063 [3d Dept 2022] [upholding a sentence in a third appeal as "not . . . harsh and excessive"]). In one of those decisions, Drumgold, the Third Department reduced the defendant's aggregate sentence as "excessive" even though the sentencing court "did not abuse its discretion" (206 AD3d at 1048). The Court later acknowledged this shift, explaining that its CPL 470.15 (6) (b) jurisprudence had{**43 NY3d at 330} "evolved" past its old "extraordinary circumstances or . . . abuse of discretion" standard (Brenda WW., 222 AD3d at 1193 n 2).
Interestingly, the dissent cites Harris and Kerrick for the proposition that "the Appellate Division is not imposing an improper barrier to relief" (dissenting op at &mdash). But one need only read the decisions to appreciate that the Appellate Division applied a different standard to the sentencing claim raised by this defendant than it did to those raised by the defendants in Harris, Drumgold, and Kerrick, and that at least the defendant in Drumgold, if not the others, would have been entitled to no relief under the standard that the Appellate Division applied to the defendant in the instant case. The development of the Third Department's jurisprudence thus undermines the dissent's dismissive and regrettable assumption that our clarification of the proper standard "is unlikely to have a significant impact" (dissenting op at &mdash). Our legal standards, and the words we use when articulating them, are of greater importance than my colleagues in the dissent suggest.
The Third Department is to be commended for having led the charge in asserting the Appellate Division's discretionary sentencing powers in Miles and deserves great credit for its recent efforts to bring its jurisprudence back in line with the Appellate Division's historical powers. And it is not the only Department to have repudiated the "extraordinary circumstances or abuse of discretion" standard. The Fourth Department has been emphatic that this standard is incorrect (see e.g. Acosta, 208 AD3d at 1582; People v Curtis, 196 AD3d 1145, 1146 [4th Dept 2021], lv denied 37 NY3d 1026 [2021]), and the other Departments are in accord. In People v Mitchell (168 AD3d 531 [1st Dept 2019]), the First Department reduced a defendant's multiyear prison sentence on a conviction that resulted from his attempt to buy necessities using a counterfeit $20 bill, without regard to the sentencing court's discretion (see id. at 531-532) or the dissent's protest that the mitigating circumstances relied on by the majority were " 'all too ordinary' " (id. at 536; see People v Walsh, 101 AD3d 614, 614 [1st Dept 2012] [reducing a sentence based on the defendant's age, poor health, and expressions of remorse, over the protest of a dissenting Justice concerning the absence of extraordinary circumstances]). The Second Department has likewise cited ordinary mitigating circumstances—mental illness and lack of prior criminal record—in reducing consecutive, maximum {**43 NY3d at 331}prison sentences as "excessive" (People v Demilio, 227 AD3d 1098, 1101 [2d Dept 2024]). The upshot is that the unanimous rule in all four Departments of the Appellate Division is that "a criminal defendant need not show extraordinary circumstances or an abuse of discretion by the sentencing court in order to obtain a sentence reduction under CPL 470.15 (6) (b)" (Acosta, 208 AD3d at 1582). In other words, if defendant's appeal were being decided today in any [*5]Department of the Appellate Division, he would not be required to demonstrate either extraordinary circumstances or an abuse of discretion. Instead, the standard would be whether his sentence was "unduly harsh or severe," a standard that may be met by a showing of ordinary mitigating circumstances (CPL 470.15 [6] [b]).
In an apparent effort to defend an "extraordinary circumstances" standard, the dissent asserts that "the sentence imposed by the court of first instance will normally be appropriate" and that excessive sentences are an "extraordinary" occurrence (dissenting op at &mdash). The dissent fails to offer adequate empirical support for those assertions, and, even if they are true, the dissent's reasoning is beside the point. Even assuming excessive sentencing is extraordinary in occurrence, excessive sentencing may, as the Appellate Division has long recognized, occur under ordinary circumstances (see e.g. Mitchell, 168 AD3d at 531-532, 536; Miles, 173 App Div at 182).
There is no basis in the Constitution, the statute, or the historic powers of the intermediate appellate courts to endorse an erroneous standard that has been roundly rejected by the Appellate Division. Doing so would result only in harmful consequences by potentially insulating excessive sentences from modification, for society derives no legitimate benefit from imprisoning a person for longer than is warranted. Here, because the Appellate Division applied an improper standard in rejecting defendant's challenge to the severity of his sentence, the matter should be remitted to that Court for a determination whether defendant's sentence is unduly harsh or severe (see CPL 470.15 [6] [b]; see People v Ba, 39 NY3d 1130, 1130 [2023]).
Accordingly, the order insofar as appealed from should be reversed and case remitted to the Appellate Division for further proceedings in accordance with this opinion.

Cannataro, J. (dissenting).
Every day, criminal courts in this state go about the quintessentially judicial function of{**43 NY3d at 332} imposing sentences, fashioned to the particular circumstances of the offense and the individual offender, informed by the sentencing court's unequaled vantage point to the myriad factors that go into crafting an appropriately individualized sentence. We trust our trial judges to exercise their discretion to impose an appropriate sentence from a range of legally permissible options established by the legislature. In those extraordinary circumstances where the sentence imposed by the court of original instance, while indisputably legal, nonetheless appears unjust, we trust the intermediate appellate courts to exercise their own inherent and exclusive authority to reduce the sentence in the interest of justice. In my view, there is nothing in the Appellate Division decision below that manifests either a failure by that Court to conduct its interest of justice review or a misapplication of the "unduly harsh or severe" standard (CPL 470.15 [6] [b]). Moreover, today's holding directly contradicts our prior decision in People v Delgado (80 NY2d 780 [1992]) and I am therefore compelled to conclude that, despite protestations to the contrary, the majority has made the unwarranted decision to overturn that precedent. For these reasons, I dissent.
Defendant was convicted, upon a jury verdict, of promoting prison contraband in the first degree. He was sentenced, as a second felony offender, to a term of 31/2 to 7 years' imprisonment, to be served consecutive to an existing undischarged sentence. The Appellate Division affirmed, acknowledging that County Court imposed the maximum legal sentence, but opining that the court "relied on the appropriate factors" and that "no extraordinary [*6]circumstances or abuse of discretion warrant[ed] a reduction of the sentence in the interest of justice" (200 AD3d 1219, 1222 [3d Dept 2021] [internal quotation marks and citation omitted]).
As the majority recognizes, even before the legislature codified the intermediate appellate courts' interest of justice jurisdiction, the Appellate Division exercised that authority as an inherent power to rectify an unjust sentence (see e.g. People v Miles, 173 App Div 179, 183-184 [3d Dept 1916]). The State Constitution, providing that the Appellate Division "shall have all the jurisdiction possessed by them on the effective date of this article and such additional jurisdiction as may be prescribed by law" with respect to appeals from final judgments (NY Const, art VI, § 4 [k]), preserved the Appellate Division's "unique interest-of-justice jurisdiction" and insulated {**43 NY3d at 333}that power from reduction or limitation by the legislature (see People v Lopez, 6 NY3d 248, 255 [2006]; People v Pollenz, 67 NY2d 264, 267-268 [1986]). We have also characterized the legislative history of the constitutional amendment as "indicat[ing] that section 4 (k) was intended to render inapplicable the general rule that the right to appellate review is purely statutory" (Pollenz, 67 NY2d at 269). To that end, the majority's myopic focus on whether the Court below used the precise words employed by the legislature when it codified the Appellate Division's inherent interest of justice power "without substantive change" is confusing, as "the ultimate decision with respect to the appropriate sentence in a particular case, even a 'negotiated sentence' presumably acceptable to the parties, rests" as it always has "with the judiciary" (People v Thompson, 60 NY2d 513, 520, 518 [1983]).[FN*]
Although this Court does not have interest of justice jurisdiction, where the issue presented is whether the intermediate appellate court has failed to exercise its interest of justice jurisdiction, or has done so applying an incorrect legal standard, a question of law is presented for our review (see e.g. Delgado, 80 NY2d at 783). In exploring the limits of our power to interfere with the Appellate Division's exercise of its exclusive interest of justice jurisdiction, we took no issue in Delgado with the intermediate appellate court's use of "abuse of discretion" language similar to that employed by the Appellate Division here. Indeed, we rejected the argument that the Appellate Division misapprehended its interest of justice jurisdiction when it referenced the absence of an abuse of discretion on the part of the sentencing court in its review of the defendants' excessive sentence claims (see 80 NY2d at 783). We made clear that the Appellate Division was not required to defer to the sentencing court, but nonetheless "read the Appellate Division's statements that the sentencing courts did not abuse their{**43 NY3d at 334} discretion to mean that the Appellate Division did not find the sentences unduly harsh or severe under the circumstances" (80 NY2d at 783).
The majority fails to explain how this case is distinguishable from the trio of cases we affirmed in Delgado, particularly People v Diaz (177 AD2d 406, 407 [1st Dept 1991]), where the Court employed virtually identical language. There, despite the First Department's reference to the absence of an abuse of discretion, we nonetheless construed that language to indicate that the Court properly conducted its review under the unduly harsh or severe standard. There is no meaningful distinction between the language we found permissible in Delgado and the parallel construction employed by the Third Department here. The language in the opinion below stating that County Court relied upon the appropriate factors further indicates that the Appellate Division was, in fact, conducting its discretionary review of the propriety of the sentence. In context, its reference to considerations such as the absence of extraordinary circumstances or an abuse of discretion merely manifests its conclusion that the sentence was not unduly harsh or severe.
[*7]
This is not a instance where the Appellate Division employed language that might be susceptible to a reading that it misapprehended its own review power in the sense that it did not believe it had the authority to substitute its discretion for that of the sentencing judge, absent an abuse of that discretion (compare People v Lancaster, 143 AD3d 1046, 1054 [3d Dept 2016] ["(a) sentence which falls within the statutory parameters will not be disturbed on appeal absent evidence of a clear abuse of discretion or the existence of extraordinary circumstances" (internal quotation marks and citations omitted)]). Moreover, the fact that the same Court has regularly reduced sentences as "harsh and excessive" in other cases without reference to a threshold abuse of discretion or extraordinary circumstances test further supports the conclusion that the Appellate Division is not imposing an improper barrier to relief on that basis (see e.g. People v Harris, 206 AD3d 1454, 1461 [3d Dept 2022]; People v Kerrick, 206 AD3d 1268, 1271 [3d Dept 2022]; People v Smith, 309 AD2d 1081, 1083 [3d Dept 2003]; People v Mendoza, 300 AD2d 824, 825 [3d Dept 2002]).
Given that the Appellate Division evaluates the severity of sentences that have been imposed within a lawful range established by the legislature for the offense at issue, the sentence imposed by the court of first instance will normally be{**43 NY3d at 335} appropriate. From time to time, however, there may be something extraordinary about the circumstances of the crime or the individual defendant that makes the legal sentence imposed by the court of first instance unjust. In that event, the Appellate Division exercises its interest of justice jurisdiction to impose a "legally authorized lesser sentence" (CPL 470.20 [6]). Whether the Appellate Division invokes this authority because it characterizes the sentence as unduly harsh or severe, excessive, or the result of an abuse of discretion, or extraordinary circumstances, or something else, the essence of the review remains the same. Rather than signaling a misapplication of the appropriate standard, these terms are merely another way of demonstrating that the Appellate Division is grappling with whether a sentence should be reduced in the interest of justice (see e.g. People v Paulino, 233 AD3d 6 [1st Dept 2024]). In other words, unlike the majority, I do not view the Appellate Division's reference to the absence of an abuse of discretion or extraordinary circumstances as invoking a separate standard, but as a different way of expressing the same standard—a standard that is well-established and does not require any clarification or correction from this Court. In sum, I would defer, as we did in Delgado, to the Appellate Division's exercise of its own inherent power.
Finally, we have previously recognized that the Appellate Division "rarely" exercises its interest of justice jurisdiction to reduce sentences (Thompson, 60 NY2d at 520). This observation lends support to the inference that it is indeed an "extraordinary" circumstance where a reduction in sentence will be warranted. To the extent the majority views excessive sentencing as something other than extraordinary, it is not clear whether the majority's position is that the sentencing scheme established by the legislature is fundamentally unfair or whether the majority views the judges of this state as being routinely heavy-handed in imposing punishment. If it is the former, the remedy lies with the legislature. If it is the latter, requiring the Appellate Division to review sentences for whether they are "unduly harsh or severe" through talismanic recitation of statutory language, instead of using their own entirely reasonable iteration of the same standard, is unlikely to have a significant impact.
Chief Judge Wilson and Judges Rivera and Halligan concur. Judge Cannataro dissents and votes to affirm in an opinion, in which Judges Garcia and Singas concur.{**43 NY3d at 336}
Order insofar as appealed from reversed and case remitted to the Appellate Division, Third Department, for further proceedings in accordance with the opinion herein.

Footnotes

Footnote 1:Defendant does not dispute the further conclusion that he failed to preserve his contention that the sentence punished him for exercising his right to a trial (see 200 AD3d at 1222). Of course, lack of preservation does not preclude the Appellate Division from considering the facts and circumstances underlying that contention in the exercise of its interest of justice power. Indeed, a disparity between a plea offer and a trial sentence may be relevant to the Appellate Division's determination of whether a sentence is unduly harsh or severe (see e.g. People v Colon, 211 AD3d 1613, 1615 [4th Dept 2022] ["We agree with defendant . . . that the aggregate sentence of imprisonment is unduly harsh and severe considering the disparity between the plea offer and the sentence of imprisonment imposed following trial"], lv denied 39 NY3d 1141 [2023]; People v Lewis-Bush, 204 AD3d 1424, 1427 [4th Dept 2022] ["(W)e agree with defendant that the sentence is unduly harsh and severe, particularly considering the disparity between the plea offer and the sentence received"], lv denied 38 NY3d 1072 [2022]).

Footnote 2:The dissent manages to find our reliance on the CPL's plain language to be "myopic" and "confusing" (dissenting op at &mdash) but does not dispute that, as detailed above, the statute codifies the Appellate Division's historical review powers as enshrined in the Constitution.

Footnote *:Any suggestion by the majority that CPL 470.15 was intended to set or clarify a standard of review for the intermediate appellate courts' review of excessive sentence claims is unsupported by the legislative history. Indeed, the CPL merely codified the intermediate appellate courts' "judicially recognized" ability to reverse or modify a judgment in the interest of justice (Staff Comment of Temp St Commn on Rev of Penal Law & Crim Code, 1967 Proposed NY CPL 240.30 at 326). Moreover, subdivisions (4), (5) and (6) of what ultimately became CPL 470.15 were deemed "mainly illustrative in nature and perhaps unnecessary" but were nonetheless included "to make crystal clear the important distinction between a reversal 'on the law,' a reversal 'on the facts,' and a reversal in the interest of justice" (id. [emphasis added]).