People v Lloyd (2025 NY Slip Op 05256)

People v Lloyd

2025 NY Slip Op 05256

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2022-10040
 (Ind. No. 74073/22)

[*1]The People of the State of New York, respondent,
v Dayvon Lloyd, appellant.

Patricia Pazner, New York, NY (Alexa Askari of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Ann Bordley of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Phyllis Chu, J.), rendered November 7, 2022, convicting him of criminal possession of a firearm, upon his plea of guilty, and imposing sentence of a term of probation, including Condition No. 14, requiring the defendant to support dependents and meet other family responsibilities.
ORDERED that the judgment is modified, on the law, by deleting Condition No. 14 from the conditions of probation; as so modified, the judgment is affirmed.
The defendant was indicted, inter alia, for criminal possession of a weapon in the second degree (Penal Law § 265.03[3]) and criminal possession of a firearm (id. § 265.01-b[1]). The defendant was convicted, upon his plea of guilty, of criminal possession of a firearm and sentenced to a term of probation, including Condition No. 14, requiring the defendant to support dependents and meet other family responsibilities.
The People correctly concede that Condition No. 14 of the defendant's conditions of probation violated Penal Law § 65.10(1) (see People v Sobers, 235 AD3d 908, 909-910). Accordingly, that condition should not have been imposed.
The defendant's contention that Penal Law §§ 265.03(3), 265.01-b(1), and 265.01(1) and Administrative Code of the City of New York § 10-131(i)(3) are unconstitutional in light of the decision of the United States Supreme Court in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1) and that the indictment was thus defective is unpreserved for appellate review, since he failed to raise a constitutional challenge before the Supreme Court (see People v Cabrera, 41 NY3d 35, 42; People v Thompson, 239 AD3d 774, 774). In any event, the defendant's contention is without merit. "The Bruen decision had no impact on the constitutionality of New York State's criminal possession of a weapon statutes" (People v Thompson, 239 AD3d at 774-775; see People v Emmanuel D., 238 AD3d 1068, 1069).
The sentence imposed was not excessive (see People v Brisman, 43 NY3d 322; People v Suitte, 90 AD2d 80).
The defendant's remaining contention need not be reached in light of our determination.
DUFFY, J.P., MILLER, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court